COLLEGE ARMS HOTEL COMPANY, *et al., Appellants,* v. THE
ATLANTIC COAST LINE RAILROAD COMPANY, *et al., Appellees.*

1.  The authority given by the statutes to the Railroad Commissioners clearly includes the right to make a just and reasonable order for the erection of railroad depots in this State for the convenience of the public.

2.  Even where the relations of persons to a railroad company give them special rights as against the company with reference to depot facilities so as to entitle them to damages for losses resulting from a removal of a depot, the Railroad Commissioners will not be enjoined in the performance of their statutory duties in locating a depot, if the action taken by them is not unjust and unreasonable or otherwise illegal.

3.  Orders made by the Railroad Commissioners are *prima facie* reasonable and just, and unless overcome by evidence such orders are enforceable.

This case as decided by Division A.

Appeal from the Circuit Court for Volusia County.

The facts in the case are stated in the opinion of the court.

*Wright & Wright* and *Geo. M. Robbins,* for Appellants;

*Louis C. Massey,* for Railroad Commissioners.

WHITFIELD, C. J.—It appears that the depot of the Atlantic Coast Line Railroad Company at DeLand, Florida, was located in 1888 at a certain point in consideration of concessions made by persons whose property would be benefited by the location of the depot; that the depot

was burned and the Railroad Commissioners of the State ordered a depot to be erected at another point perhaps a mile from the original site; that a bill in equity was filed by persons alleged to be specially injured in their property rights by the removal of the depot, against the railroad company, the Railroad Commissioners of the State and the State Attorney for the County, in which a temporary injunction was issued restraining the execution of the order of the Railroad Commissioners for the erection of another depot; that answers not under oath were filed by the railroad company and the Railroad Commissioners; that the injunction was dissolved and the bill of complaint was dismissed for want of equity as to the Railroad Commissioners. From this decree the complainants appealed.

The questions argued are whether the complainants have a right to maintain the suit, and whether the order of the Railroad Commissioners for the erection of a depot at a different point is valid.

The authority given by the statutes to the Railroad Commissioners clearly includes the right to make a just and reasonable order for the erection of railroad depots for the convenience of the public in this State.

Such an order is by the statute made *prima facie* reasonable and just, and the burden of showing the contrary is on those denying that the order is just and reasonable. As the Railroad Commissioners had authority to order a depot to be located at another place at the town, the Commissioners cannot be enjoined unless the order is not reasonable and just with reference to the rights of the general public, the complainants and the railroad company, and unless it also appears that the complainants have a right to maintain the suit. Even if the location of the complainants' property and their relation to the rail-

road company give them special rights as against the railroad company with reference to the depot facilities so as to lawfully entitle them to damages for losses resulting from a removal of the depot, the Railroad Commissioners cannot be enjoined in the performance of their statutory duties, if the action taken by them is not unjust and unreasonable or otherwise illegal.

The order of the Railroad Commissioners made a part of the bill of complaint states that the "public convenience with reference to both passengers and freight requires that the depot shall be located, not on the old site, but on the other described tract, which can be done without detriment to the interests of the railroad company." This finding is *prima facie* correct and it is not met by any evidence. The order of the Railroad Commissioners does not forbid service to be rendered at the old depot.

Even if the complainants had a right to maintain the suit, there is manifestly no error in dissolving the injunction and dismissing the bill of complaint as against the Railroad Commissioners. No other question is involved here.

The decree appealed from is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.