THE STATE OF FLORIDA *ex rel.*, RAILROAD COMMISSIONERS,
   *Relators*, v. THE FLORIDA EAST COAST RAILROAD COM-
   PANY, *Respondent*.

Opinion Filed May 7, 1913.

Where the averments of a return to an alternative writ of man-
   damus, that are admitted by demurrer, clearly indicate that
   the enforcement of the rule of the Railroad Commissioners
   for which the writ was issued, will deprive the respondent
   common carrier of its right to a reasonable compensation
   for the service it renders as an entirety, and will deny to
   the respondent its property rights under the law, the de-
   murrer to the return will be overruled.

This is a case of original jurisdiction.

Demurrer overruled.

*F. M. Hudson,* for Relators;

*Alex. St. Clair-Abrams,* for Respondent.

WHITFIELD, J.—The State Railroad Commissioners brought mandamus to require the respondent to observe the following rule regulating transportation:

"15. A charge of not more than two dollars per car, without regard to its weight or contents, will be allowed, except to the railroad having the line haul of the same, for transporting, switching or transferring a loaded car from any point on any railroad to a connecting railroad or to any warehouse, side track or other point within the switching limits of the place; and no railroad shall decline or refuse to transport, switch or transfer any such car or to receive it from any connecting railroad for such purpose. The switching limits of any place, within the meaning of this rule, shall be the switching limits usually operated there, but in no case less than three miles. No railroad shall reduce any of its switching limits without first obtaining the approval of the Railroad Commissioners.

When in the transfer, switching or transportation of a car between such points, it is necessary to pass over the track or tracks of any intermediate railroad or railroads, said maximum charge of two dollars shall be equitably divided between the railroads at interest, excluding that having the line haul.

When a charge is made for the transfer, switching or transportation of a loaded car between such points, no additional charge shall be made for the accompanying

422    SUPREME COURT OF FLORIDA.

State *ex rel.* R. R. Com. v. F. E. C. Ry. Co.—Opinion of Court.

movement of the empty car in the opposite direction. No charge whatever shall be made by a railroad having the line haul for placing, for loading, an empty car at any warehouse or other point on its own line or side track, or for switching the loaded car to or from the same either for delivery or for transportation.

Provided that this rule shall not interfere with any prevailing legal rate for the transportation of freight between different stations; and shall not apply to any freight that does not pay a direct freight transportation charge in connection with a switching charge."

By return the respondent in effect avers that at every station on its line it has a free delivery track or siding to and from which no switching charges are made; that at divers points on its line there are tracks or spurs used entirely for private interests generally with expressed or implied agreements to pay switching charges, and that to deliver or take cars from said switching tracks or spurs involves extra expense to respondent; that such private switches or spurs were constructed for the purpose of accommodating private interests and they do not form a part of the regular delivery spurs or switching tracks of respondent; "that the construction of these spurs, or switching tracks, was for the purpose of saving to the private interests using them the expense of hauling their freight to and from the free delivery tracks; and that, by reason of the construction of these switches, or spurs these private interests save from 40c to $1.00 per ton on drayage and are enabled to carry on and conduct their business at an infinitely lower rate than they otherwise could conduct it;" that the switching service is now rendered at a loss to respondent, and the enforcement of the rule will result in a loss to respondent of $50,000.00 per annum on intrastate business.

Other detailed averments are made tending to show that the enforcement of the rule against respondent will so reduce its entire earnings as to deny to it the right to a reasonable compensation for service rendered and be a violation of respondent's property rights under the constitution.

The return is demurred to, and there is a motion to strike portions of the return. It does not appear that any of the averments are so irrelevant as to be subject to a motion to strike.

Even if the service rendered by the respondent to parties for whose use the private switches or spurs are constructed and maintained and upon which cars are placed and removed for particular persons, is not a special service in some respects at least by the principals stated in State *ex rel.* Railroad Com's. v. Atlantic Coast Line R. Co., 64 Fla. 469, 60 South. Rep. 186, there is an apparent discrimination in the rule in favor of special classes of persons; and the averments of the return admitted by the demurrer clearly indicate that the enforcement of the rule against the respondent under the conditions stated in the return, will deprive the respondent of its right to a reasonable compensation for its service as an entirety, and deny to respondent its property rights under the law. See State v. Florida East Coast Ry. Co., decided this day.

The demurrer to the return is overruled and the motion to strike portions of the return is denied.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.