THE STATE OF FLORIDA, ex rel. THE RAILROAD COMMISSIONERS, v. THE ATLANTIC COAST LINE RAILROAD COMPANY AND THE SEABOARD AIR LINE RAILWAY.

Opinion filed December 2, 1913.

1. A demurrer to an alternative writ of mandamus stands upon the same footing as a demurrer in any other action at law and is to be treated in the same way, that is as admitting as true all such matters of fact as are sufficiently pleaded.

2. A demurrer to an alternative writ of mandamus admits as true all well-pleaded allegations of fact and all fair and pertinent inferences or conclusions of fact in the writ that are not inconsistent with or repugnant to accompanying specific de-

tailed allegations of facts and circumstances; but it does not admit conclusions of law stated in the writ.

3. In mandamus, certainty of allegation is requisite, but if the alternative writ states the facts on which the demand is based with sufficient precision to express the right of the relator and the duty of the respondent in such a manner that the ordinary mind may easily apprehend them, this is all the certainty required to defeat a demurrer.

4. In passing upon a demurrer to an alternative writ of mandamus, matters *dehors* the writ cannot be considered, but only such matters as appear upon the face of the writ.

5. It is not the province of a demurrer to set out the facts; it involves only such facts as are alleged in the pleading demurred to, and raises only questions of law as to the sufficiency of the pleadings which arise on the face thereof.

6. Section 2893 of the General Statutes of Florida expressly confers upon the Railroad Commissioners the authority "to require two or more railroads entering the same town or city to erect, operate and maintain a joint passenger terminal or union depot," and the authority given by this statute clearly includes the right to make a just and reasonable order for the erection of railroad depots in this State for the convenience of the public.

7. Orders made by the Railroad Commissioners are *prima facie* reasonable and just, and unless overcome by evidence such orders are enforceable.

This is a case of original jurisdiction.

Demurrer overruled.

*F. M. Hudson,* for Relators;

*W. J. Oven* and *Wilson & Boswell,* for Respondents.

## STATEMENT.

The alternative writ of Mandamus isued by this Court, omitting the formal parts, is as follows:

"1.   That the Atlantic Coast Line Railroad Company is a railroad corporation created and organized under the laws of the State of Virginia, and the said company owns and operates, and for many years last past has owned and operated, a line of railway lying within the State of Florida and extending therein from Lakeland in a southerly direction to Fort Myers; that the said company transports persons and property over its said line of railroad as a common carrier for hire and holds itself out as such common carrier for hire, and transports persons and property from points in this State to other points in this State as such common carrier for hire aforesaid.

2.   That the Seaboard Air Line Railway is a railroad corporation created and organized under the laws of the State of Virginia, and the said company owns and operates a line or lines of railway lying within the State of Florida; that the said company transports persons and property over its said lines of railroad as a common carrier for hire and holds itself out as such common carrier for hire, and transports persons and property from points in this State to other points in this State as such common carrier for hire as aforesaid; that prior to the 29th day of July, 1912, the said Seaboard Air Line Railway had undertaken and entered upon the construction of a line of railway lying wholly within the State of Florida, extending from Mulberry in an easterly direction to the Town of Bartow, and that on said 29th day of July, 1912, the said work had not been completed but that the right-of-way had been cleared to and into said Town of Bartow

and the grading of the said line had been largely completed and the track had been partly laid.

3.   That on the 29th day of July, 1912, the said Railroad Commissioners of the State of Florida did give notice in writing to the said Atlantic Coast Line Railroad Company and the said Seaboard Air Line Railway that they, the said Railroad Commissioners, would hold a meeting in the said Town of Bartow on the 21st day of August, 1912, at ten o'clock in the morning, to hear and consider whether or not the said Railroad Commissioners ought to make an order requiring the said Atlantic Coast Line Railroad Company and the said Seaboard Air Line Railway to erect a joint passenger station in the said Town of Bartow, and if so, of what dimensions and arrangements and with what conveniences the same should be constructed, and also where the same should be located.

14.   And thereafter, on to-wit, the said 21st day of August, 1912, at ten o'clock in the morning, pursuant to said notice, the said Railroad Commissioners, being then and there duly in session at Bartow, the said Atlantic Coast Line Railroad Company and the said Seaboard Air Line Railway then and there appeared by their representatives, who were fully heard in the premises.   And likewise appeared certain persons as representatives of the citizens and Town Council of the Town of Bartow, and both sides were represented by counsel and were fully heard.   And thereupon the said matter was taken under advisement.

5.   That thereafter, on to-wit, the 6th day of September, 1912, the said Railroad Commissioners did make and enter their certain Order No. 369, in words and figures following, to-wit:

'Order No. 369.
File No. 3296.

*Before the Railroad Commissioners of the State of Florida. In the Matter of the Erection of a Joint Passenger Station by the Atlantic Coast Line Railroad Company and the Seaboard Air Line Railway in the Town of Bartow.*

After due notice to the Atlantic Coast Line Railroad Company, and the Seaboard Air Line Railway, this matter came on for consideration at the Courthouse in Bartow, Florida, on the 21st day of August, 1912, the said Seaboard Air Line Railway appearing by Mr. W. L. Sedden, Chief Engineer, and Honorable W. J. Oven, Division Counsel, the said Atlantic Coast Line Railroad Company appearing by Mr. M. Riddle, General Superintendent, the original petitioners appearing by Honorable W. J. Brady, their counsel, the Board of Trade of Bartow appearing by J. G. Gallamore, Esq., and Messrs. Albritton, Goode, Wilson, Hutton and Bailey, appearing for the various petitioners, all of whom were fully heard. The Commissioners also inspected the various locations suggested for a joint station, and thereupon the matter was taken under advisement.

Now, in this day, the said matter coming on for further consideration, and the commissioners being advised in the premises, do find that the Atlantic Coast Line Railroad passes through Bartow; that the Seaboard Air Line Railway Company owns right-of-way through the said Town to the right-of-way of the said Atlantic Coast Line Railroad; and that each of said companies engaged in transporting passengers from points in Florida to other points in Florida; and that upon the

completion of the said Seaboard Air Line Railway to Bartow, Bartow will be the connection point from which passengers traveling to points on one of said lines to points on the other of said lines will be transferred; that for the proper accommodation of the traveling public the said Atlantic Coast Line Railroad Company and the said Seaboard Air Line Railway ought, in view of the conditions shown at said hearing, to be required to erect and maintain a joint passenger station at the said Town of Bartow.

That in view of the said conditions, the location hereinafter described is the most feasible location for said station because of its reasonable convenience to the said Town of Bartow and its proximity to the said lines of railroad, and that the said companies now own the lands whereon it appears most feasible to locate said station.

WHEREFORE, we, the said Railroad Commissioners of the State of Florida, do hereby order and adjudge that the said Atlantic Coast Line Railroad Company and the Seaboard Air Line Railway shall erect a joint passenger station at the said Town of Bartow, and that the said station shall be provided with separate waiting rooms and ticket windows for the white and colored races, according to law, the waiting room for white persons to have floor dimensions of at least 650 square feet, and the waiting room for colored persons to have floor dimensions of at least 440 square feet; that suitable toilet rooms for each sex shall be provided for white passengers and suitable toilet rooms for each sex for colored passengers; and that suitable sheds, platforms and walks, and a suitable baggage room shall be provided; that adequate lights and all other facilities and conveniences necessary and suitable for the proper operation of the said station shall be provided; and that the said station shall be located

at the intersection of the Atlantic Coast Line Railroad with the Seaboard Air Line Railway extended from its present proposed terminus along the right-of-way now owned by the said Seaboard Air Line Railway, the said station to be adjacent to the said Atlantic Coast Line Railroad and west thereof, and adjacent to the said Seaboard Airline Railway when completed to the said intersection and south of the said Seaboard Air Line Railway.

It is further ordered that the said companies submit to us plans of the said station building, sheds, platforms and other facilities on or before the 6th day of October, 1912, in order that we may determine the sufficiency and suitability thereof, and that the work of constructing the said station shall be prosecuted to completion with reasonable diligence, and that the said work shall be completed on or before the 15th day of January, 1913.

DONE AND ORDERED by the Railroad Commissioners of the State of Florida in open session at their office in the City of Tallahassee, this 6th day of September, 1912.          R. HUDSON BURR, Chairman.'

6. That by the terms of the said Order No. 369 the time for the completion of the said joint passenger station was fixed at the 15th day of January, 1913, and the said railroad companies were required to submit to the said Railroad Commissioners plans of the said station building, sheds, platforms and other facilities on or . before the 6th day of October, 1912, in order that they, the said Railroad Commissioners, might determine the sufficiency and suitability thereof; that by the terms of the said Order it was further provided that the said station should be located at the intersection of the Atlantic Coast Line Railroad with the Seaboard Air Line Railway ex-

tended from its then proposed terminus along the right-of-way then owned by the said Seaboard Air Line Railroad, the said station to be adjacent to the said Atlantic Coast Line Railroad and west thereof, and adjacent to the said Seaboard Air Line Railway when completed to the said intersection and south of the said Seaboard Air Line Railway; that it was made to appear to the said Railroad Commissioners that at the time of the issuance of the said Order No. 369 the tracks of the said Seaboard Air Line Railway had not been completed into the said Town of Bartow, and that there had been delay in the completion of the said tracks into the said Town of Bartow; that in view of these circumstances, the Railroad Commissioners considered that the time for erection of the said joint passenger station ought to be extended so as to allow to the said Atlantic Coast Line Railroad Company and the said Seaboard Air Line Railway three months in which to complete the said joint passenger station, and that the said Order No. 369 ought to be amended to that extent and to that extent only; and that the said Railroad Commissioners did give notice in writing, dated the 11th day of January, 1913, to the said Atlantic Coast Line Railroad Company and the said Seaboard Air Line Railway, that they would be in session at the Board of Trade Rooms in the City of Jacksonville on the 21st day of January, 1913, at three o'clock in the afternoon, for the purpose aforesaid.

7. That pursuant to said notice the said Railroad Commissioners did meet in session at the Board of Trade Rooms in the City of Jacksonville on the said 21st day of January, 1913, at three o'clock in the afternoon, and the said Atlantic Coast Line Railroad Company and the said Seaboard Air Line Railway then and there appeared by their representatives, who were fully heard in the

premises, and thereupon the said matter was taken under advisement.

8. That thereafter, on to-wit, the 1st day of February, 1913, the said Railroad Commissioners did make and enter their certain Order No. 388, in words and figures follows, to-wit:

'Order No. 388.
File No. 3206.

### Before the Railroad Commissioners of the State of Florida.

In the matter of the erection of a Joint Passenger Station by the Atlantic Coast Line Railroad Company and the Seaboard Air Line Railway in the Town of Bartow.

After due notice in writing to the Atlantic Coast Line Railroad Company and the Seaboard Air Line Railway, this matter came on for further consideration at the Board of Trade Rooms in the City of Jacksonville, Florida, on the 21st day of January, 1913, at three o'clock in the afternoon, the said Atlantic Coast Line Railroad Company appearing by M. Riddle, General Superintendent, and the said Seaboard Air Line Railway appearing by W. J. Oven, Division Counsel; C. A. Boswell, Local Counsel; T. W. Parsons, Superintendent; W. D. Faucett, Chief Engineer; L. R. Hoyt, Assistant Engineer, and D. M. McKey, Assistant Engineer, and certain citizens of Bartow appearing in their own behalf. And in pursuance of the notice dated January 11th, 1913, the Commissioners proceeded to consider whether or not they ought to amend their Order No. 369 issued September 6th, 1912, in the particulars specified in the said notice, and after hearing those who desired to be heard, the said matter was taken under advisement.

29—Vol. 67.

And now in this day, after due consideration, the said Commissioners do find that the line of railroad of the said Seaboard Air Line Railway has been completed into the Town of Bartow, and it is considered, ordered and adjudged that the time for the completion of said joint passenger station provided for in said Order No. 369 be and the same is hereby extended to the 1st day of July, 1913, and the said Order No. 369 is hereby amended to that extent and to that extent only.

WITNESS the hand of the Chairman of the said Railroad Commissioners of the State of Florida, affixed in open session and by their order, this 1st day of February, A. D. 1913.    R. HUDSON BURR, Chairman.'

9. That by the terms of the said Order No. 388 the time for the completion of the said joint passenger station was extended to the 1st day of July, 1913, and the said Order No. 369 was amended to that extent and to that extent only.

10. That since the said 29th day of July, 1912, the said Seaboard Air Line Railway has completed the construction of its tracks from Mulberry aforesaid to and into the said Town of Bartow, and that the said tracks had been so completed before the 1st day of February, 1913; that the said Town of Bartow is an important station on the said lines of railroad of the said companies and is the connecting point from which passengers traveling to points on one of said lines to points on the other of said lines will be transferred.

11. That the said Atlantic Coast Line Railroad Company and the said Seaboard Air Line Railway have disregarded and failed and refused to obey the said Order No. 369 as amended by the said Order No. 388, as above set forth, in that the said railroad companies have not

submitted to the said Railroad Commissioners plans of the said station building, sheds, platforms and other facilities, as required in and by said Order No. 369, and have disregarded and failed and refused to obey the said Order No. 369 as amended by the said Order No. 388, as above set forth, in that they, the said railroad companies, have not prosecuted to completion with reasonable diligence the work of constructing the said joint passenger station, but on the contrary have failed and refused so to do; and the said Seaboard Air Line Railway has further disregarded and failed and refused to obey the said Order No. 369 as amended by the said Order No. 388, as above set forth, in that it has refused to join with the said Atlantic Coast Line Railroad Company in the erection of the said joint passenger station, as required in and by said orders, but has, on the contrary, declared its intention not to obey the said Orders of the Railroad Commissioners but to erect a separate station building of its own at a point other than that designated by the said Railroad Commissioners in and by their said Order No. 369, and has placed materials and broken ground therefor and proceeded with the erection thereof, in total disregard of the orders of the Railroad Commissioners as aforesaid.

12. That the said Railroad Commissioners of the State of Florida and the people of the said State are entirely without adequate remedy in the premises unless it be afforded by the interposition of this court through a writ of mandamus.

NOW THEREFORE, we being willing that full and speedy justice be done in the premises, do command you, the Seaboard Air Line Railway and the Atlantic Coast Line Railroad Company, and each of you, forthwith to submit to the said Railroad Commissioners plans of the

station building to be erected and of the sheds, platforms and other facilities;

To prosecute to completion with reasonable diligence the work of constructing the said joint passenger station;

To provide said station building with separate waiting rooms and ticket windows for the white and colored races, according to law, the waiting room for white persons to have floor dimensions of at least 650 square feet, and the waiting room for colored persons to have floor dimensions of at least 440 square feet; to provide suitable toilet rooms for each sex for white passengers and suitable toilet rooms for each sex for colored passengers: to provide suitable sheds, platforms and walks and a suitable baggage room; to provide adequate lights and all other facilities and conveniences necessary and suitable for the proper operation of the said station;

To locate the said station at the intersection of the Atlantic Coast Line Railroad with the Seaboard Air Line Railway extended from its present terminus along the right-of-way owned by the said Seaboard Air Line Railway, the said station to be adjacent to the said Atlantic Coast Line Railroad and west thereof, and adjacent to the said Seaboard Air Line Railway when completed to the said intersection, and south of the said Seaboard Air Line Railway;

And in all respects to comply with, observe and obey the said Order No. 369 as amended by the said Order No. 388 as above set forth,

Or that you appear before the Justices of this our Supreme Court sitting within and for the State of Florida at the Court Room in the City of Tallahassee, on the 1st day of October, 1913, at 10 o'clock in the morning of that day, and show cause why you refuse so to do.

AND HAVE YOU THEN AND THERE THIS WRIT."

To this writ the Seaboard Air Line Railway, one of the respondents, interposed a demurrer, which, omitting the formal parts, is as follows:

"The Seaboard Air Line Railway, by Wilson & Boswell and W. J. Oven, its attorneys, says that the alternative writ issued in this cause is bad in substance and inufficient in law to be replied unto, and it demurs thereto and assigns the following grounds of demurrer, to-wit:

1st. The said alternative writ shows upon its face that at the time the relators, the Honorable Railroad Commission of the State of Florida, took jurisdiction or cognizance of this cause, the Seaboard Air Line Railway was not then operating its line of railroad into the town of Bartow as a common carrier, nor had it even constructed its said line of railroad into the said town of Bartow aforesaid.

2. The said Order extending the time for the completion of a joint passenger station required of the respondents in Order No. 369 set forth in said writ, does not show affirmatively that the respondent, Seaboard Air Line Railway at the time of the making thereof, or at the time of the hearing upon which such Order is based or at the time of the Original Order No. 369, or at any time between such periods, or prior thereto, was operating as a common carrier of freight and passengers for hire within the town of Bartow.

3rd. The said writ shows affirmatively upon its face that the relators had no jurisdiction over this respondent in the premises therein mentioned.

4th. The said writ fails to affirmatively show: (a) That the Seaboard Air Line Railway was operating its line of railway in the town of Bartow when the relators

454        SUPREME COURT OF FLORIDA.

State ex rel. R.R.Com. v. A.C.L. & S.A.L. Ry. Co.—Statement of Case

cited it to show cause why it should not be required to erect a joint passenger station in the town of Bartow. (b) That at the time of the hearing, held in the town of Bartow on which said Order No. 369 was based, the said Seaboard Air Line Railway was operating therein as a common carrier of passengers and freight, or at any time between such period and the citation mentioned in said writ. (c) And fails to show that at the time of the making of said Order No. 388 set forth in said writ that the said Seaboard Air Line Railway was then operating within the town of Bartow as a common carrier of passengers and freight. (d) And fails to show that this respondent has since begun operation in said town of Bartow as a common carrier of passengers and freight. (e) That there has never been any physical connection between the lines of railway of the respondent, Atlantic Coast Line Railroad Company, and this respondent, Seaboard Air Line Railway within or adjacent to said town of Bartow.

But on the contrary, the said writ shows that at the time of the issuance of the citation to these respondents to show cause why a joint passenger station should not be erected in the town of Bartow that this respondent, Seaboard Air Line Railway, was not then operating in the town of Bartow as a common carrier of freight and passengers, and was not so operating at the time of the making of such Order No. 369, and was not so operating at the time of the making of Order No. 388, set forth in said writ, and has no physical connection of its line of railway with the line of railway of the respondent, Atlantic Coast Line Railroad, within or adjacent to the town of Bartow, and that therefore the respondents were not within that provision of the law which authorizes the Railroad Commissioners 'to require two or more rail-

roads entering the same town or city to erect, operate, and maintain a joint passenger terminal, or union depot, and to provide for the interchange of traffic between said railroads;' and further that if said provision of the law is applicable to this respondent the same is shown by the writ to deprive this respondent .of its property without due process of law, and the effect of such provision is also shown by the writ to deny to this respondent the equal protection of the law.

5th. The alternative writ fails to show any authority in law in the relators in the primises.

6th. The alternative writ shows no authority in law in the premises that is not in effect and substance a deprivation of this respondent's property without due process of the law.

7th. The alternative writ, by its force and effect, shows upon its face that it deprives this respondent of the equal protection of the law."

SHACKLEFORD, C. J., (*after stating the facts.*)—It is admitted by the respective parties litigant that two points are presented by this demurrer: "(a) The jurisdiction of the Commission, or its authority to issue and enforce upon the Respondent, Seaboard Air Line Railway, the order requiring it to join the defendant, Atlantic Coast Line Railroad Company, in the construction of a union passenger station, when at the time of the making of said order the said Respondent, Seaboard Air Line Railway, was not then operating a line of railroad into the town of Bartow as a common carrier, and had not even constructed its line of railroad into said town. And that at the time of the issuance of the supplemental Order No. 388 the said Respondent, Seaboard Air Line Railway, was not then operating its line of railroad in

the town of Bartow, and the writ fails to show that this respondent has ever operated such line as a common carrier in said town.

(b) A challenge of the authority of the Relators under the statute and the Constitution to make or enforce the order."

It is conceded by the respondent that a demurrer to an alternative writ of mandamus stands upon the same footing as a demurrer in any other action at law and is to be treated in the same way, that is as admitting as true all such matters of fact as are sufficiently pleaded. See State *ex rel.* Kittel v. Jennings, 47 Fla. 307, 35 South. Rep. 986. We have held that "A demurrer to the return to an alternative writ of mandamus admits as true all well-pleaded averments of fact and all fair and pertinent inferences or conclusions of fact in the return that are not inconsistent with or repugnant to accompanying specific detailed averments of facts and circumstances; but it does not admit conclusions of law stated in the return." State *ex rel.* Railroad Comm'rs. v. Florida East Coast Railway Co., 64 Fla. 112, 59 South. Rep. 385; State v. Florida East Coast Ry. Co., 65 Fla. 420, 62 South. Rep. 593; State *ex rel.* Railroad Comm'rs. v. Louisville & N. R. Co., 62 Fla. 315, 57 South. Rep. 175. This principle applies with like force to an alternative writ of mandamus. We have further held that "In mandamus, certainty of allegation is requisite, but if the alternative writ states the facts on which the demand is based with sufficient precision to express the right of the relator and the duty of the respondent in such a manner that the ordinary mind may easily apprehend them, this is all the certainty required to defeat a demurrer." State *ex rel.* Attorney General v. Atlantic Coast Line R. Co., 48 Fla. 114, 37 South. Rep. 652. It is further true that, in pass-

ing upon a demurrer to an alternative writ of man-
damus, matters *dehors* the writ cannot be considered, but
only such matters as appears upon the face of the writ.
State *ex rel.* Garrison v. Commissioners of Putnam
County, 23 Fla. 632, 3 South. Rep. 164. As we held in
O'Brien v. State, 55 Fla. 146, 47 South. Rep. 11, "It is
not the province of a demurrer to set out the facts; it
involves only such facts as are alleged in the pleading
demurred to, and raises only questions of law as to the
sufficiency of pleadings which arise on the face thereof."
Section 2893 of the General Statutes of Florida expressly
confers upon the Railroad Commissioners the authority
"to require two or more railroads entering the same town
or city to erect, operate and maintain a joint passenger
terminal or union depot," &c.

Tested by the principles laid down in the cases which
we have cited, it seems so obvious that the alternative
writ is not open to the attack made upon it by the de-
murrer that any detailed or extended discussion of the
points urged by the respondent would be a work of super-
erogation. The matters of fact, if they in truth exist
upon which the respondent attempts to rely, constitute
an affirmative defense which would have to be set up by
plea or answer. It plainly appears that the respondent
had ample opportunity afforded it of raising these defen-
sive matters at the hearing before the Railroad Commis-
sioners. If they were so raised, the decision of the Com-
missioners was adverse to the respondent and such de-
ciion is not so presented to us that we can review such
matters. As we held in College Arms Hotel Co. v. Atlan-
tic Coast Line R. Co., 61 Fla. 550, 54 South. Rep. 459,
"The authority given by the statutes to the Railroad
Commissioners clearly includes the right to make a just
and reasonable order for the erection of railroad depots

in this State for the convenience of the public." We further held therein that "Orders made by the Railroad Commissioners are *prima facie* reasonable and just, and unless overcome by evidence such orders are enforceable."

It follows that the demurrer must be overruled. The respondent will be allowed until the 9th day of December, 1913, in which to file its answer.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.