THE STATE OF FLORIDA *ex rel.,* A. H. WOLYN, *Relator,* v. APALACHICOLA NORTHERN RAILROAD COMPANY, A CORPORATION INCORPORATED AND DOING BUSINESS UNDER THE LAWS OF FLORIDA, WITH ITS PRINCIPAL OFFICE AT PORT ST. JOE, FLORIDA; AND J. B. HODGES, E. L. WARTMAN, J. B. SUTTON, HARRY B. MINIUM AND P. K. YONGE, MEMBERS OF AND CONSTITUTING THE STATE PLANT BOARD, J. T. DIAMOND AS SECRETARY OF THE STATE PLANT BOARD, AND WILMON NEWELL, AS STATE PLANT COMMISSIONER, *Respondents.*

## Opinion Filed March 25, 1921.

1. Courts will not anticipate questions of constitutional law in advance of the necessity of deciding them, and where a case can be properly and effectually disposed of by a court without passing upon the constitutionality of a statute involved, it is the duty of the court to do so.

2. In mandamus proceedings the alternative writ takes the place of a declaration at law, and a demurrer to the alternative writ admits as true all such matters of fact as are sufficiently pleaded.

3. To be effectual orders of the State Plant Board and public notices given pursuant thereto defining areas from which infected plants may not be shipped must be based upon facts sufficient to support them, brought to the attention of the State Plant Board in some proper manner, and without such basis in fact such orders are not authorized and are not enforceable.

4. Rules and orders of the State Plant Board and public notices given pursuant thereto defining quarantine areas from which infected plants may not be shipped must be based upon evidence which warrants the making of such rules and orders, and when made without any evidence will be deemed to be made without authority of law.

A case of original jurisdiction.

Demurrer overruled.

*Wm. W. Flournoy,* for Relator;

*Wm. J. Oven,* for Respondent Apalachicola Northern Railroad Company;

*Rivers H. Buford,* Attorney General, and *J. B. Gaines,* Assistant, for Respondent State Plant Board.

WEST, J.—By mandamus relator seeks to require the respondent railroad company to place a car upon its siding at Vilas, a station on its railroad in Liberty County, for the purpose of receiving from relator a shipment of Japanese seed cane to be shipped to Crestview, a station of a conecting common carrier in Okaloosa County.

So much of the allegations of the alternative writ as are necessary to present the decisive question in the case as now presented are in substance that relator owns a farm at Deerhunt, in Liberty County, a place on the line of road owned and operated by the respondent railroad company, a corporation under the laws of the State of Florida; that respondent railroad company is a common carrier operating a line of road from River Junction, Florida, to Port St. Joe, Florida, through the station Vilas, near the farm of relator, and that the individual respondents are the members and secretary respectively of the State Plant Board and the State Board of Control, and the State Plant Commissioner; that relator has produced at said farm and has for sale there five car loads of Japanese seed cane of the value of $1,500 and now

has an opportunity to sell the same; that he has request-
ed the respondent railroad company to place a car at
Vilas, the said station on its railroad, in which he may
ship a car load of said Japanese seed cane from his farm
near said station to Crestview, Florida, the placing of
which car the said railroad company is required by law
to do, yet it has, in violation of its duty and obligation
to do so, refused and still refuses to so place said car or
any car or cars at said station for said relator for the
purpose of making said shipment; that it is now the sea-
son of the year for planting Japanese seed cane and un-
less said shipment is made immediately the opportunity
to ship the same will be lost and relator will lose the
sale thereof and will thereby suffer irreparable damages;
that the purchaser will lose the opportunity of planting
the said cane and the profits incident thereto, which dam-
age can be avoided only by the issuance of the writ
prayed for; that the Japanese seed cane desired by rela-
tor to be shipped is of a variety that is immune, and the
same is immune, from the disease known as mosaic dis-
ease; that said cane is not now infected by mosaic dis-
ease or any other diseases; that relator prior to his re-
quest to said railroad company for a car to make ship-
ment of said seed cane had never received any notice
from any one and never heard of any claim by any one
that said seed cane was infected or likely to be infected
by mosaic disease or otherwise; that relator is informed
by the said railroad company that its refusal to so place
a car for the shipment is due to the order and public
notice of the State Plant Board and its chairman and
said State Plant Commissioner to the effect that a quar-
antine against the shipment of Japanese seed cane has
been made against the County of Liberty, in which the
farm of relator is located, and that said order is appli-

cable to and effective against the Japanese seed cane of relator located on said farm, said board and said commissioner alleging their action to be pursuant to the provisions of Chapter 6885, Acts of 1915, Laws of Florida, and the rules and regulations of said board thereunder, which rules and regulations, known as Circular No. 40, published January 1, 1921, are attached as an exhibit to the writ; but it is alleged that the action of said railroad company in refusing to so place said car for said shipment is without warrant in law for the reasons (1) that the said Japanese seed cane of relator is not now and never has been infected by mosaic disease or any other disease; (2) that prior to the request by relator to said railroad company for the placing of a car for such shipment no notice was ever given or claim made by any person or persons to the relator or to any person in his behalf that the seed cane of relator at said place was infected or likely to be infected by mosaic disease or otherwise; (3) that the alleged quarantine order was made by the State Plant Board upon the recommendation of the State Plant Commissioner and the public notice given declaring certain areas in Florida to be infected with the disease of sugar cane known as mosaic disease was passed by said board upon the recommendation of the said State Plant Commissioner without any knowledge, facts or evidence whatsoever then or at any time prior thereto submitted to said board by said State Plant Commissioner or otherwise to warrant the issuance of said order or public notice.

The notice as contained in the alternative writ is as follows:

"PUBLIC NOTICE

"*Declaring Certain Areas in Florida to Be Infected with*
*the Disease of Sugar Cane Known as Mosaic,*
*Yellow Striping or Mottling.*

"Under the provisions of the Florida Plant Act of 1915, Chapter 6885, of the Laws of Florida, the State Plant Board, in session at Tallahassee, Florida, this 13th day of December, 1920, and in accordance with Section 12 of said Act, does declare and give public notice that the following counties and areas in which sugar cane is likely to be infected with the Mosaic disease of sugar cane:

"Escambia County; Franklin County; Jackson County; Gadsden County; Leon County; Liberty County; all that portion of Palm Beach County lying within townships 41 S. and 42 S. E., R. 38 E., and township 41 S., R. 37 E., and all of T. 42 S., R. 37 E. Except Kroamer Island in Lake Okeechobee."

It is further alleged that neither at the time of making said order and giving said public notice, nor at any time prior thereto had the State Plant Commissioner or the said State Plant Board any knowledge, facts or evidence whatsoever that the Japanese seed cane of relator at said place was infected or likely to be infected by mosaic disease or otherwise, or that said cane was in or near any dangerous zone so as to give said State Plant Commissioner or said State Plant Board the right to issue any order preventing the shipment by relator of his said cane, and that the said order and said public notice are arbitrary and oppressive, without warrant in law and void; that there is not now and never has been any mosaic disease in the Japanese seed cane of relator at said farm

nor within several miles, if at all, distant therefrom so as to constitute or make the said cane within a dangerous zone or likely to be within a dangerous zone, nor had the said State Plant Commissioner or the said State Plant Board, at the time of issuing said order and public notice, any facts or evidence thereof that the said seed cane was so infected or likely to be infected or within any dangerous zone, and that the said order and public notice are arbitrary and oppressive and unreasonable and an abuse of the discretion imposed by the statute in said board.

By other allegations the statute creating the State Plant Board and prescribing its powers and duties is challenged upon various grounds as unconstitutional and void and, therefore, ineffectual to confer any authority or power upon said board to make the quarantine order, but the conclusion which we have reached makes it unnecessary to consider this feature of the case and it will not be necessary to set out the allegations of the writ raising this question.

The respondent railroad company is required by the writ to place, at the request of the relator, which request has been made, a car at its siding at Vilas, in which relator may ship Japanese seed cane from his farm at Deerhunt, near said station to Crestview, or that said respondent appear before this court upon a stated date and show cause why it refuses so to do.

The writ was demurred to by both the respondent railroad company and the State Plant Board upon various grounds. By the demurrers two questions are presented, namely, (a) the constitutional validity of the act, and (b) assuming the act to be constitutional, the validity of the quarantine order upon which the respondent railroad

company based its refusal to comply with the request of relator to place a car upon its siding at Vilas for the purpose of receiving for shipment the Japanese seed cane of relator.

The established rule is that courts will not anticipate questions of constitutional law in advance of the necessity of deciding them, and where a case can be properly and effectually disposed of by a court without passing upon the constitutionality of a statute involved, it is the duty of the court to do so.  Adams v. American Agricultural Co., 78 Fla. 362, 82 South. Rep. 850; Carolina-Florida Planting Co. v. Maige, 64 Fla. 234, 60 South. Rep. 346; Lewis v. Nelson, 62 Fla. 71, 56 South Rep. 436; Pensacola Electric Co. v. Soderlind, 60 Fla. 164, 53 South. Rep. 722, Ann. Cas. 1912B, 1251; State ex rel. Russe v. Parker, 57 Fla. 170, 49 South. Rep. 124.

In mandamus proceedings the alternative writ takes the place of a declaration at law and a demurrer to the alternative writ admits as true all such matters of fact as are sufficiently pleaded.  State ex rel. Kittel v. Trustees I. I. Fund, 47 Fla. 307, 35 South. Rep. 986; State ex rel. R. R. Co. v. A. C. L. and S. A. L. Ry. Co. 67 Fla. 441, 63 South. Rep. 729.

The rules of the respondent State Plant Board authorizing and providing for the giving of public notice, defining quarantine areas and forbidding the shipment of sugar cane and other plants infected with mosaic disease, as appears from an exhibit to the writ, are as follows:

"Rule 42A*    In order to prevent the further dissemination of the disease of sugar cane known as mosaic, yellow striping or mottling, and in accordance with Section 12 of the Florida Plant Act of 1915 (Chapter 6885,

Laws of Florida), the movement or shipment of sugar cane and of all other plants which may hereafter be found subject to this disease out of the areas defined in the public notices of the State Plant Board as being areas in which sugar cane or other plants are likely to be infected by the disease of sugar cane known as mosaic is hereby prohibited until such time as the Plant Commissioner shall have determined and declared that the disease has been apparently eradicated in such areas.

"Rule 42B*  Whenever there is found in any place in the State of Florida any plant or plants which are infected with the disease of sugar cane known as mosaic, yellow striping or mottling, the State Plant Board or its authorized representative may, in order to prevent the further spread of the disease, require the immediate destruction of the plant or plants so infected as well as of all apparently non-infected plants within a radius of twelve feet of the infected plant or plants, and if, in the judgment of the Plant Commissioner, the destruction of all sugar cane and other plants in the field of planting, whether infected or not, including the stubble or roots, appears necessary in order to protect the sugar cane industry, he shall order such destruction, which shall be accomplished within the time and in the manner prescribed in such order.

"Rule 42C.*  Every field, garden, yard or separate plant situated in the State of Florida which is, has been or shall become infected with the disease of sugar cane known as mosaic, yellow striping or mottling, is hereby declared to be the center of an infected and dangerous zone, which zone shall extend for one-half mile in every direction from said center and within which center and zone all growing and living plants of sugar cane, sor-

ghum, corn, rice, millet, crabgrass, and panicum are declared to be plants likely to carry the disease of sugar cane known as mosaic, yellow striping, or mottling.

"The planting within such zone of sugar cane produced therein or of the removal therefrom of sugar cane or other plants subject to the mosaic disease is prohibited until such time as in the judgment of the Board the dangerous condition no longer exists; provided, that sugar cane may be removed from infected centers and zones for the purpose of grinding when removed under the supervision of or in accordance with the directions of an authorized agent of the board, and provided, further, that infected or exposed cane or other plants may be removed from such areas for experimental purposes by properly authorized agents of the Bureau of Plant Industry, U. S. Dept. of Agriculture, or of the State Plant Board of Florida.

"Rule 42D* No field or planting of sugar cane located in the State of Florida in which has been, or may hereafter be, found any plant or plants infected with the disease of sugar cane known as mosaic, yellow striping or mottling shall be replanted to sugar cane, sorghum, or other grass plants which may be found subject to this disease until after the lapse of one year from the date of destruction of all infected plants therein or thereon.

"*Adopted Oct. 13, 1919."

From another exhibit to the writ, Bulletin No. 829, U. S. Department of Agriculture, it appears that certain varieties of sugar cane are immune from mosaic disease and that most of the immune varieties "are of the slender North India type, generally known as Japanese canes."

Now, if it be assumed that the statute is constitutional (it is not decided because unnecessary) and that in a

proper case the respondents State Plant Board and State
Plant Commissioner are fully authorized and empowered
by the statute to make such an order, the question is
whether, under the facts alleged in the alternative writ
and admitted to be true by the demurrer, the order and
notice complained of are valid and enforceable and suffi-
cient warrant for the action of respondent railroad com-
pany in refusing to place a car as requested for the pur-
pose of permitting relator to make shipment from Liberty
County of the Japanese seed cane desired to be shipped
by him.

We have seen that it is directly alleged that the
Japanese seed cane which relator proposes to ship is
immune from and is not infected with mosaic disease;
that neither at the time of making the said quarantine
order and giving said public notice nor at any time prior
thereto the State Plant Commissioner or State Plant
Board had any knowledge, facts or evidence that the
Japanese seed cane proposed to be shipped from Liberty
County by relator was infected or likely to be infected
by mosaic disease or that said seed cane was in or near
any dangerous zone so as to give said State Plant Com-
missioner or said State Plant Board the right to issue
any order preventing the shipment of said Japanese seed
cane from Liberty County by relator.

For such an order to be effectual it must be based upon
facts sufficient to support it, brought to the attention of
the State Plant Board in some proper manner. Without
a proper basis in fact the order would not be authorized
and would not be valid and enforceable.

This court has held that orders of the Railroad Com-
mission fixing rates or making rules or regulations "with-
out obtaining or considering any substantial and per-
tinent evidence, where investigation, inquiry and evidence

are necessary as a basis for the action taken, the proceeding is not had in due course of law." State *ex rel.* R. R. Com. v. F. E. C. Ry. Co., 64 Fla. 112, 59 South. Rep. 385; State *ex rel.* R. R. Com. v. F. E. C. Ry. Co., 69 Fla. 165, 67 South. Rep. 906. And in many cases it has been held that where it appears from admissions of the pleadings that orders or regulations made by them are not authorized by law, such orders or regulations will not be enforced by the courts. State *ex rel.* R. R. Com. v. Southern Telephone Co., 65 Fla. 270, 61 South. Rep. 506; State *ex rel.* R. R. Com. v. F. E. C. Ry. Co., *supra.* See also Interstate Commerce Commission v. Union Pacific R. Co., 222 U. S. 541; Interstate Commerce Commission v. Louisville & N. R. Co., 227 U. S. 88.

The principles announced in these cases are applicable to orders or rules of the State Plant Board. The demurrer to the alternative writ admits the facts alleged to be true. Assuming the facts as alleged to be true, there was no proper basis for the quarantine order complained of and such order was, therefore, no sufficient ground for the refusal of the respondent railroad company, which is alleged and admitted to be a common carrier, to supply a car as requested by relator for the shipment of his Japanese seed cane from Liberty County.

The conclusion reached on this branch of the case makes it unnecessary to consider the question of the constitutional validity of the statute or the question of the power of the State Plant Board under the statute to make a valid quarantine order in a case in which the facts warrant such an order.

The demurrer will be overruled.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.