THE STATE OF FLORIDA *ex rel.* H. MYERS, DOING BUSINESS AS THE CAPITAL HIDE AND FUR COMPANY, *Relator,* v. THE SEABOARD AIR LINE RAILWAY COMPANY, A RAILROAD CORPORATION, *Respondent.*

Division B.

Opinion Filed May 17, 1926.

*C. L. Waller,* for Relator;

*W. J. Oven,* for Respondent.

WHITFIELD, P. J.—An alternative writ of mandamus was issued by this court in which it is alleged that the respondent railroad company refuses to place a car for the shipment of interstate commerce, of certain animal hides, "all of which have been treated with salt and soaked in salt and water from one week to six months, and that said hides are therefore free from live ticks or any danger of infestation of a tick-free territory with ticks from the shipment of said hides;" that the county where the hides are, is said to be infected with the cattle fever tick, and that counties of the State through which the hides are desired to be shipped are reputed to be tick free; that the State Live Stock Sanitary Board have promulgated an order as follows:

## "STATE LIVE STOCK SANITARY BOARD OF FLORIDA

### "SPECIAL ORDER NO. 8.

"To be known as Regulation No. 15-A, Effective on and after September 15, 1925.

"To prevent the Reinfestation of Free and Working Areas, with Cattle Fever Ticks, on account of the movement of Hides from the Tick Infested or Quarantined Area.

"In order to prevent the reinfestation, with cattle fever ticks (Margaropus Annulatus) of zones or areas which have been released from State and Federal Quarantine and such zones or areas as are under quarantine for the purpose of conducting systematic tick eradication work, it is hereby ordered that the movement or transportation in any manner of hides originating in the tick infested area of this State into, within or through any zone or area which has been released from quarantine or is under quarantine for the purpose of conducting systematic tick eradication work, is prohibited. All violations of this order will be vigorously prosecuted and all hides found moving in violation of this order will be quarantined and returned to point of origin at the owner's expense;"

that the respondent refuses the desired service because of the said order; that said order is unreasonable, arbitrary and illegal for reasons including lack of authority and excess of power.

The return admits the essential allegations of the writ.

The relator moves for a peremptory writ on the alternative writ and the answer.

The Live Stock Sanitary Board, a State Agency, is given among others, the following powers:

"Said Board shall collect, preserve, and disseminate information concerning infectious, conta-

gious, communicable, or other diseases of cattle, hogs, and other domestic animals, their origin, locality, nature, appearance, manner of dissemination or contagion, and method of treatment required for the successful eradication and control thereof, and shall take such measures as in the judgment of said Board may be necessary and proper for the control, ·suppression, eradication and prevention of the spread thereof, and to protect cattle, hogs, and. other domestic animals therefrom in the State of Florida, and to quarantine all such animals as said Board shall find or have reason to believe to be infested with or·exposed to any such disease or diseases. Sec. 4, Chap. 9201, Acts 1923.

''The Board shall have the power and it shall be its duty from time to time to make, promulgate and enforce rules and regulations for carrying out the provisions and requirements of this Act, and to establish, maintain and enforce quarantines in any of the zones, or counties, or parts of counties, or any place, section, or district within the State of Florida, or the whole of the State, and to prescribe quarantine districts, zones, regions and areas, their location and boundaries, except as hereinafter provided, for the work of the eradication of the cattle fever tick (Margaropus Annulatus), and to restrict, regulate, or prohibit the movement or transportation of cattle, hogs, or other domestic animals into 'or out of such designated districts or areas when deemed by said Board necessary to prevent the spread or dissemination of contagious, infectious, or communicable diseases among cattle, hogs, or other domestic animals.'' Sec. 6, Chap. 9201, Acts of 1923.

Assuming that the statute authorizes the State Live Stock Sanitary Board to impose reasonable restrictions and regulations upon the shipment of the hides of animals from cattle tick infested areas into or through areas not so infected, where such hides may be the means of spreading the cattle fever tick infection, the regulation here considered forbids the movement or transportation *in any manner* of any and all hides originating in a tick infested area within or through any zone or area released from quarantine or under quarantine for the purpose of tick eradication work. Such a prohibitive regulation is not authorized by the statute; and in this case the shipment of salt-cured hides in interstate commerce should not be prohibited, though such shipments may be reasonably regulated where they may spread the cattle tick evil.

While this controverted order of the Live Stock Sanitary Board is not a legal defense to the alternative writ, yet in complying with a peremptory writ the relator and the respondent should observe authorized reasonable regulations of the State Board as to inspection, packing, handling, etc., where such regulations reasonably may tend to prevent the spread of the infection the statute seeks to suppress. See State *ex rel.* Wolyn v. Apalachicola Northern R. Co., 81 Fla. 383, 87 South. Rep. 909; State *ex rel.* Wolyn v. Apalachicola Northern R. Co., 81 Fla. 394, 88 South. Rep. 310.

A peremptory writ is awarded.

TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS, J., concur in the opinion.