**NORMANDY BEACH DEVELOPMENT CO. et al. v. UNITED STATES ex rel. BROWN–CRUMMER INV. CO.**

**No. 7060.**

Circuit Court of Appeals, Fifth Circuit.

Feb. 15, 1934.

Rehearing Denied March 16, 1934.

Henry K. Gibson, Jno. P. Stokes, James A. Dixon, and J. Julien Southerland, all of Miami, Fla., for appellants.

Giles J. Patterson, of Jacksonville, Fla., and A. Y. Clement and T. J. Blackwell, both of Miami, Fla., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Appellee, the Brown-Crummer Investment Company, recovered a judgment against the town of North Miami upon past due bonds and interest coupons. In aid of that judgment, which remained unpaid because the town had not sufficient funds in its treasury, appellee sued out an alternative writ of mandamus against the town and its officers to compel the levy and collection of sufficient additional taxes to satisfy it. The town and the individual respondents in the mandamus suit in their answer expressed a willingness to comply with the prayer of the petition but for a judgment in ouster proceedings in the state court holding that the lands between Biscayne Bay and the ocean which were attempted to be placed within the corporate limits were not legally included within such limits, with the result that the town could not legally levy or collect taxes upon such lands. At this stage of the proceedings several corporations owning lands between the bay and the ocean on their voluntary petition were permitted to intervene as respondents; and they proceeded to contend that their lands never were legally incorporated within the town limits. The grounds of their contentions it is unnecessary to state; they appear at length in a certain quo warranto proceeding in the case of Mahood et al. v. State ex rel. Davis, Attorney General, reported in 101 Fla. 1254, 133 So. 90. The district judge rejected them, and entered judgment awarding to appellee a peremptory writ as prayed for in its petition. The town being content with this judgment refused to join in an appeal. But the

so-called interveners have undertaken to appeal.

■■ In our opinion the attempt is futile. Mandamus is an action at law. The only proper parties to a mandamus are the relators who seek to compel the performance of a duty and those upon whom the duty is imposed by law. In the absence of statute parties who are only collaterally and incidentally interested are not entitled to come in and defend the action. Spelling on Injunctions and other Extraordinary Remedies (2d Ed.) vol. 2, §§ 1640, 1641; State ex rel. Railroad Com'rs v. Atlantic Coast Line R. Co., 67 Fla. 441, 63 So. 729. The judgment in the mandamus suit does not, and in the nature of things could not, run against appellants; and so they had no standing to assign error or appeal. If they had not intervened, they would not have been bound by any judgment which possibly could have been entered in that suit. Whether, by attempting to intervene and defend, they have estopped themselves to contest the assessment and collection of town taxes upon their lands is a question we have no occasion now to consider.

The appeal is dismissed.