HALL, Judge.
This appeal questions the correctness of a summary final judgment rendered in favor of appellees, David H. Runyan and Moya P. Runyan, in a breach of contract action involving the purchase and sale of real property. The trial court awarded ap-pellees money damages based on benefit of the bargain, instead of a return of the earnest money deposit as provided for in the contract. We reverse and remand.
Appellant and appellees entered into a deposit receipt contract for the sale of real property. The contract provided that appellant at closing was to provide appellees a title insurance commitment showing good and insurable title in appellant. In the event appellant was unable to convey the property with good and marketable title, appellees’ damages were limited to a return of the deposit in the amount of $100,
Prior to the closing date as set forth in the contract, the mortgagee of appellant foreclosed on the property because of a deficiency in the payments on the mortgage. Consequently, appellant failed to convey the property pursuant to the terms of the contract. Appellant testified that he had informed the realtor of the problems *487 he was having with the mortgage foreclosure, but appellees insisted that they had no prior knowledge of the foreclosure.
Appellees raised the issue of bad faith on the part of appellant. The trial court granted appellees’ motion for summary judgment and awarded appellees damages based on the benefit of the bargain.
A careful examination of the record discloses the existence of an unresolved issue of material fact as to whether appellant was guilty of bad faith in this instance. In order for a trial court to award benefit of the bargain damages in a case involving the breach of a land sales contract, it must first make a finding of bad faith. Key v. Alexander, 91 Fla. 975, 108 So. 888 (1926); Vogel v. Vandiver, 373 So.2d 366 (Fla. 2d DCA 1979); and Horton v. O’Rourke, 321 So.2d 612 (Fla. 2d DCA 1975).
Accordingly, we reverse and remand this cause for further consideration.
OTT, A.C.J., and CAMPBELL, J., concur.