PER CURIAM.
The trial court granted Final Summary Judgment in favor of the buyers of real property in an action against the sellers for breach of a contract for sale. The sellers appeal from that order, which we, for the following reasons, reverse.
Melba and Romilio Benitez (the “Sellers”) agreed to sell their house to Hugo and Jenny Diaz (the “Buyers”) pursuant to a sales contract. The parties executed a bill of sale which stated “All appliances are sold in ‘AS IS’ condition.” Apparently, the Sellers attempted to avoid the sale, and the Buyers filed a complaint in the Circuit Court against the Sellers for specific performance of the contract. However, the parties then came to an understanding and the sale went to closing.
According to the Buyers, certain appliances were missing from the property when they took possession. The Buyers allege that the Sellers improperly removed appliances from the premises. As a result, the Buyers amended their complaint for specific performance, (which was now moot due to the successful closing), to allege breach of contract, conversion, and civil theft. The Buyers sought damages of $5,500.00 for breach of contract, and requested treble damages pursuant to the civil theft count.
The Buyers filed a motion for summary judgment and submitted a supporting affidavit. The Buyers’ affidavit listed several appliances that were allegedly missing, including a refrigerator and a stove. The affidavit further indicated that the Buyers had spent $6,000.00 to replace those appliances. The Sellers submitted their own affidavit in opposition which states that all appliances incident to the sale of a single family residence were left on the premises. The Sellers’ affidavit lists those appliances transferred with the house. That list includes a refrigerator and a stove. ,
The Sellers moved for partial summary judgment on the civil theft count because the Buyers failed to comply with the mandatory written demand requirement before seeking treble damages. The trial court entered an order granting the Buyers’ motion for summary judgment, awarding $6,000.00 in damages to the Buyers, and denying the Sellers’ motion for partial summary judgment with regard to the civil theft count. Subsequently, the Buyers voluntarily dismissed their claims for conversion and civil theft. The Sellers then filed a timely appeal. The Sellers object primarily to the trial court’s entry of Final Summary Judgment. We are persuaded by the Sellers’ arguments and reverse.
The Final Summary Judgment granted to the Buyers in connection with their claim for breach of contract is reversed because disputed issues of material fact exist. Specifically, the supporting affidavits filed by both parties are in conflict with regard to what appliances were to be sold with the house, as well as which appliances were or were not missing when the Buyers took possession. For instance, the Buyers’ affidavit states that, among other things, a refrigerator and stove were missing. On the other hand, the Sellers’ affidavit states that a refrigerator and stove were transferred to the Buyers. In light of these disputed issues of material fact, we cannot agree that, as a matter of law, the Buyers were entitled to the entry of Final Summary Judgment.[1] See White v. Kirlew, 574 So.2d 258 (Fla. 4th DCA 1991); Depp v. Runyan, 468 So.2d 486 (Fla. 2d DCA 1985); Marco Surfside, Inc. v. Velez, 438 So.2d 911 (Fla. 3d DCA 1983).
Further, we find that this action is to be tried in the County Court upon remand because: (1) the action for specific performance is no longer part of this case (it was *526 abandoned by the Buyers when they filed their amended complaint), and (2) the Buyers’ claims for conversion and civil theft are no longer part of this case (the Buyers announced voluntary dismissals in connection with those counts). Therefore, the Circuit Court is directed to transfer this case for trial in the County Court which would have jurisdiction over the remaining breach of contract claim that involves a claim for damages which is not more than $15,000.00. See § 34.01(1)(4), Fla.Stat. (1995); Fla.R.Civ.P. 1.060.
Reversed and remanded for proceedings consistent herewith.

. Consequently, the trial court’s findings as to damage amounts are also reversed.