Lindsley et al. v. McIver et al.—Syllabus.

EUGENE A. LINDSLEY AND GEORGE N. LINDSLEY, APPELLANTS, v. LIZZIE MCIVER AND CHARLES MCIVER, HER HUSBAND, ALSINA M. MANN AND A. S. MANN, HER HUSBAND. RICHARD CLARKE, CHARLES A. CLARK AND GEORGE W. CLARK, APPELLEES.

1.   In passing upon a demurrer to the whole bill in a suit in equity, every presumption is against the bill, but it is also true that such a demurrer operates as an admission that all the allegations in the bill which are well pleaded are true, and a demurrer to the whole bill should be overruled if the bill makes any case for equitable relief.

2.   Matters *dehors* the bill cannot be raised by way of demurrer but must be raised by way of plea or answer.

3.   A plea in equity setting up a former decree in bar must show that the former suit was substantially between the same parties for the same subject matter.   It must set forth so much of the former bill and answer as will suffice to show that the same point was then in issue, and it should aver that the allegations as to the title to relief against the defendant were substantially the same in the second bill as in the first.   It is neither necessary nor proper practice to attach as an exhibit to such a plea all the testimony taken in the former suit.

4.   Where a bill in equity is filed for partition which contains
     allegations as to advancements having been made to the
     ancestress of complainants and to some of the defendants
     by a common ancestress of complainants' ancestress and of
     the defendants, and complainants offer to bring such ad-
     vancement into hotchpot and seek to have defendants do
     likewise, in accordance with the provisions of Section 1826
     of the Revised Statutes of 1892, and certain of the defend-
     ants interpose a plea of former adjudication, which plea
     is set down for a hearing, and it appears that the former
     suit was brought by complainants against defendants for
     partition alone, the bill alleging therein that complain-
     ants and defendants were tenants in common, to which some
     of the defendants interposed an answer, denying therein
     the tenancy in common and averring that complainants
     were coparceners and setting up the matter of advance-
     ments, testimony was taken upon the issue so made and
     the court made an order to the effect that advancements
     had been made and that the equities were with the answer-
     ing defendants, and dismissed the bill, such a plea of
     former adjudication is properly found to be insufficient,
     the title to the relief sought not being substantially the
     same in the two suits.

This case was decided by Division A.

Appeal from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the Court.

*A. H. King,* for Appellants.

*D. H. Doig, Stephen E. Foster,* for Appellees.

SHACKLEFORD, C. J.   On the 5th day of December, 1904, the appellees as complainants filed their amended bill in chancery in the Circuit Court in and for Duval county against the appellants and Luella Moss and Charles Moss,

her husband, Josephine G. Macy and Theodore Macy, her husband, as. defendants, alleging therein, in substance, that the complainants, Lizzie McIver, Alsina M. Mann, Richard Clarke, William B. Clark, Charles A. Clark and George W. Clark, were the sole heirs at law of Flora A. Clark, deceased, who died, to-wit, ——; that the said Flora A. Clark and the defendants, Eugene A. Lindsley, Luella Moss, Josephine G. Macy and George N. Lindsley, were all the children of Alsina D. Lindsley, deceased, who died on the 3rd day of August, 1902, intestate, leaving as her sole heirs at law the complainants last named above and the defendants who have just been named; that Alsina D. Lindsley, died seized and possessed of a certain tract of land situated in the said county of Duval, which is fully described; that an undivided one-thirtieth interest and estate in and to the said land descended to each of the complainants last named and an undivided one-fifth interest and estate therein descended to each of the last named defendants; that in her life-time, to-wit, September 1st, 1884, Alsina D. Lindsley had conveyed to the defendant, Luella Moss, as an advancement, a certain tract of land, which is fully described, of the value of $75.00, and had conveyed as an advancement to the defendant, Josephine G. Macy, on the 11th day of January, 1881, a certain tract of land, which is fully described, of the value of $87.50, and had conveyed on the 11th day of January, 1881, as an advancement to Flora A. Clark, the ancestress of the last named complainants, a certain tract of land, which is fully described, of the value "at the date of said conveyance and advancement" of $87.50; that the complainants now bring the said advancement to their ancestress, Flora A. Clark, "into hotchpot with the whole estate, real and personal, descended from said Alsina D. Lindsley, deceased." The bill prays for a partition of the

tract of land of which Alsina D. Lindsley died seized and possessed, that said Luella Moss and Josephine G. Macy each bring her respective advancement into hotchpot, in order that the value of all of said advancements may be ascertained at the respective times when they were made, so that the tract of land so descended may be partitioned in accordance with law, due regard being had to the respective advancements, and for general relief. The bill also alleges that no other persons except those named therein and whose respective interests are set forth have any interest in or title to the tract of land of which partition is sought.

A decree pro confesso was entered against Luella Moss and Charles Moss, Josephine G. Macy and Theodore Macy.

On the 8th day of April, 1905, Eugene A. Lindsley, one of the defendants, interposed the following demurrer: "Eugene A. Lindsley one of the defendants herein, not confessing all or any of the allegations of said bill to be true, as therein alleged, demurs thereto and for grounds of demurrer shows:

1. That said complainants have not in the allegations of said bill made or stated a case entitling them to the relief therein prayed.

2. Said bill does not state the date of the death of Flora A. Clarke.

3. Said bill does not state whether or not Flora A. Clarke died intestate.

4. Said bill does not set forth or show in any way what relation complainants are or were to Alsina D. Lindsley, deceased, or how they are heirs of Flora A. Clarke, or Alsina D. Lindsley.

5. Complainants allege an advancement of certain property to be of the value of so many dollars and "sev-

erally consent to the deduction of their several propor-
tionate shares in said advancement as *above alleged* and
*set forth*," which is not in accordance with the statute of
the State of Florida in such case made and provided.

Prayers for relief are contained in paragraphs 6 and 7,
charging parts of said bill."

On the 18th day of July, 1905, the court made an order
overruling the demurrer, which order was filed on the
21st day of July, 1905.

On the 7th day of November, 1904, George N. Lindsley,
one of the defendants, had filed an answer disclaiming
any interest in the tract and reciting that since the filing
of the original bill he had sold his entire interest therein
to Eugene A. Lindsley, one of his co-defendants, who had
taken possession thereof.

On the 3rd day of April, 1905, the defendant, Eugene
A. Lindsley, filed a plea to the amended bill, which, omit-
ting the formal parts, is as follows: "This defendant by
protestation, not confessing or acknowledging all or any
of the matters and things in the complainants' said bill of
complaint, mentioned to be true in such manner and form
as the same are therein and thereby set forth and alleged,
doth plead thereunto and for plea says: That on and
prior to the 5th day of August, A. D. 1904, there was
pending in this court a certain cause, wherein the com-
plainants, and the defendants herein were defendants, the
files and records of which suit are now on file and record
in and among the files and records of this court; and
wherein these complainants set up the identical cause of
action which is set up in this cause, as by the records of
said suit now remaining in the said Circuit Court more
fully appears.

And this defendant says: That the parties in this and
the former suit are the same, and that no other or differ-

ent persons are in any wise connected with said cause; that the subject matter in this and the former suit are the same and not other or different subject matter; that the judgment in said former suit amounted to a final determination of said subject matter and cause of action; that said final decree has been signed and enrolled, all of which will more fully appear by the bill of complaint, answer thereto, testimony taken therein, and decree of the court, which are hereto attached and marked exhibits A. B. C. & D, which are prayed to be taken as a part of this plea; that said former suit was until the 5th day of August, A. D. 1904 pending in this court, and that on the day last aforesaid, the same was fully settled by and between the complainants herein, and the defendants herein, and dismissed at complainants' cost, and said dismissal entered of record; and that there was no reservation in said order of dismissal on behalf of the complainants in any manner, and this defendant says, that all the matters and things involved in the said former action, and in this action, have been fully settled by and between the parties herein, and judgment rendered in said suit.

Wherefore defendant demands judgment, etc."

This plea was set down by the complainants for a hearing on the 3rd day of May, 1905, and on the 18th day of July, 1905, the court made the following order: "This cause coming on to be heard upon the plea of defendant E. A. Lindsley, to the bill of complaint, filed herein, upon being set down by complainant, and said plea having been argued; It is ordered, adjudged and decreed that said plea is not sufficient. Done this July 18th, 1905.

(Signed) R. M. Call. Judge.

Appellants entered their appeal to the present term of this court from these two interlocutory orders of the 18th day of July, 1905, overruling the demurrer and finding

the plea to be insufficient, assigning two errors based upon said rulings.

The first assignment presented for our consideration is based upon the overruling of the demurrer. Section 1493 of the Rev.sed Statutes of 1892 prescribes the form and contents of a bill for partition, and tested by the requirements of this statute we are of the opinion that the bill is sufficient to withstand the attack made upon it by the demurrer. We are also of the opinion that the requirements of section 1826 of the Revised Statutes of 1892 concerning the bringing of advancements made to the children of Alsina D. Lindsley, deceased, into hotchpot have been sufficiently complied with in the bill.

It is true that in equity, as well as at law, a pleading is to be most strongly construed against the pleader thereof; and, in passing upon a demurrer to a bill, every presumption is against the bill. Durham v. Edwards, 50 Fla. 495 38 South. Rep. 926, and authorities therein cited. However, it is equally true that a demurrer to the whole bill operates as an admission that all the allegations in the bill which are well pleaded are true (16 Cyc. 276; 6 Ency. of Pl. Pr., 396, and authorities cited), also that a demurrer to the whole bill should be overruled if the bill makes any case for equitable relief. Futch v. Adams, 47 Fla. 257, 36 South. Rep. 575, and authorities cited therein. Matters *dehors* the bill cannot be raised by way of demurrer but must be raised by way of plea or answer. The Southern Life Insurance & Trust Co. v. Lanier, 5 Fla. 110, S. C. 58 Am. Dec. 448; 6 Ency. of Pl. & Pr., 393, 394.

Applying these principles it is clear that if appellants intended to raise the questions; that Flora A. Clark died after her mother, Alsina D. Lindsley; that her husband, if she left one surviving her, was entitled to a child's part in her estate; that Flora A. Clark died testate; that the

complainants were not the heirs at law, whether children or grand children of Flora A. Clark; that the matter of advancements to the children of Alsina D. Lindsley was not truly alleged in the bill; they should have raised them by proper averments in a plea or answer, as they cannot be raised by way of demurrer.

We now pass to the second assignment, which is based upon the ruling holding the plea to be insufficient. An inspection of this plea discloses that it sought to show by its averments and the exhibits attached thereto and made a part thereof that complainants were precluded from maintaining their present suit by reason of a former adjudication made in a suit between the same parties complainant and defendant concerning the same subject matter in the same court. In view of the conclusion which we have reached, no extended discussion of this assignment is necessary. An examination of the pleadings, testimony and decree in the former suit, found in the transcript as exhibits to the plea, discloses that the same parties complainant instituted a suit for partition of the same land in the same court against the same defendants, alleging in the bill that complainants and defendants were the owners as tenants in common of said land, the interest of each party being stated, of which partition was prayed, nothing whatever being said of advancements having been made by the common ancestress to any of the parties. To this bill George N. Lindsley and Eugene A. Lindsley, two of the defendants and who are the appellants in the instant case, interposed an answer denying that defendants and complainants were tenants in common, but averring that they were all coparceners as the heirs at law of Alsina D. Lindsley, deceased, and averring the facts as to advancements having been made by Alsina

D. Lindsley to Luella Moss and Josephine G. Macy. two of their co-defendants, and to Flora A. Clark, the ancestress, though whom complainants derived their title, and asking that all of said advancements so made be brought into hotchpot, in accordance with the statute in such cases made and provided, so that a fair and equitable partition of the estate of the said Alsina D. Lindsley, deceased, might be made. A great deal of testimony was taken in said case before a special examiner, which was reported to the court, by whom the following decree was made: "This cause coming on to be heard upon final hearing, upon bill of complaint, answers thereto, and the testimony taken before the special examiner, and the same having been argued by counsel and submitted to the court, and the court being now advised of its judgment herein. It is ordered, adjudged and decreed that complainants' ancestor took property conveyed to her as an advancement, and that the equities are with the answering defendants. It is thereupon ordered, adjudged and decreed, that the bill of complaint be, and the same is hereby dismissed, at the cost of complainants; said costs to be taxed by the clerk of this court, the costs of the examiner taking the testimony, to be taxed at the rate allowed by statute to Special Masters for similar services. Done and ordered this Aug. 5th, 1904. R. M. Call, Judge."

Does this decree constitute such an adjudication of the matter as to preclude complainants from maintaining this suit?

As was said by this court in DaCosta v. Dibble, 40 Fla. 418, 24 South. Rep. 911, "A plea of equity setting up a former decree in bar must show that the former suit was substantially between the same parties for the same subject matter. It must set forth so much of the former bill

and answer as will suffice to show that the same point was then in issue, and it should aver that the allegations as to the title to relief against the defendant were substantially the same in the second bill as in the first." Also see the authorities cited in that opinion, text 422. We would also refer to Yulee v. Canova, 11 Fla. 9, text 56; Keen v. Brown, 46 Fla. 487, 35 South. Rep. 401. We would call attention to the fact that all the testimony taken in the former suit is attached as an exhibit to the plea, though there was no occasion for so doing, and by copying this testimony in the record in the instant case it is thereby encumbered with sixty typewritten pages that can serve no useful purpose. However, it plainly appears that in the former suit the complainants claimed as tenants in common with the defendants and did not offer to bring the advancement made to their ancestress into hotchpot, the answer denies that complainants and defendants are tenants in common and avers that they are coparceners, also setting up the matter of the advancements. The court in its decree specifically found that the equities were with the answering defendants and that the ancestress of complainants had taken property conveyed to her as an advancement, and ordered the bill dismissed at complainants costs. Tested by the rule laid down in DaCosta v. Dibble, *supra,* we are of the opinion that the court properly found the plea to be insufficient.

It follows that the orders appealed from must be affirmed, and it is so ordered, at the cost of appellants.

COCKRELL and WHITFIELD, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.