R. T. DANIEL AND J. D. FINLEY, CO-PARTNERS TRADING UNDER THE FIRM NAME OF DANIEL & FINLEY, *Plaintiffs in Error,* v. SIEGEL-COOPER COMPANY, A CORPORATION, UNDER THE LAWS OF NEW YORK, *Defendant in Error.*

1. Where the special count of a declaration alleges certain negotiations by telegram between the plaintiff in New York, and defendants, in Miami, Florida, for the purchase of a lot of furniture by the latter of the former, and these negotiations terminate in the sending by the plaintiff to the defendants of the following telegram: "Will ship goods selected by Davidson for you at *contract* prices f. o. b. Miami, Florida, &c. wire quick if understood and satisfactory;" to which telegram the following reply was sent by defendants: "I think we understand each other. Let the goods come on. Notify Mr. Davidson," the defendants cannot insist on demurrer to this special count that the goods were sold at any other than "contract prices," because it appears that other prices had

been offered by the defendants, which were not accepted by the plaintiff.

2.  Where a single assigment of error attacks the ruling of the circuit judge striking four separate pleas, and this court finds that the circuit judge acted properly in striking one of those pleas, it will nót go further in considering the single assignment of error.

3.  A plea which sets up no fact, but simply presents defendant's construction of the contract in question, presents no defense.

4.  An assignment of error based on the ruling of the court admitting in evidence copies of telegrams, when the originals were not produced or accounted for, presents no reversible error, when the record shows that the defendant admitted in open court that the copies admitted were true copies of the originals.

5.  The evidence examined and found sufficient to sustain the judgment below.

This case was decided by Division A.

Writ of Error to the Circuit Court for Dade county.

The facts in the case are stated in the opinion of the court.

*Price & Rand,* for plaintiffs in error;

*Geo. M. Robbins,* for defendant in error.

HOCKER, J.—On the 30th of March, 1906, the defendant in error, hereinafter called the plaintiff, filed a declaration in the circuit court of Dade county against the plaintiffs in error, hereinafter called the defendants, containing a special count based on a contract for the sale of certain furniture and goods, and several common counts. A demurrer was filed to the

special count which was overruled, and the plaintiff then abandoned the common counts. To this count the defendant filed first, a plea of never indebted, and, second, the general issue *non assumpsit* and several other special pleas. The plaintiff moved to strike the first, third, fourth, and fifth of these pleas and demurred to the sixth. The court granted the motion to strike the third, fourth and fifth pleas, and sustained the demurrer to the sixth. By agreement the case was tried by the circuit judge without a jury, who after having heard the evidence and arguments made the following findings and entered the following judgment: "In accordance with the foregoing stipulation, this cause came on to be tried before me at 7:30 p. m., at the office of Price & Rand at Miami, Florida, on Monday, October 15th, 1906, and the plaintiff and defendants having introduced their evidence, and, having heard arguments of counsel, the court finds: That the defendants entered into a written contract with the plaintiff by which they purchased from the plaintiff a lot of goods selected for them by J. Hull Davidson, for the price of six thousand, four hundred and ninety-five dollars and eighty-three cents, ($6,495.83), and that they afterwards purchased of the plaintiff upholstery goods for the price of five hundred and nineteen dollars and eighty-four cents, amounuting in all to the sum of seven thousand and fifteen dollars and sixty-seven cents, ($7,015.67), and said goods were delivered to and received by the defendants. That fourteen butler trays, price $26.00 were returned to and received by plaintiff, making the amount due plaintiff by the defendants the sum of six thousand, nine hundred and eighty-nine dollars and sixty-seven cents ($6,989.67). That defendants paid the plaintiff the sum of sixteen hundred and twenty-five dollars and no cents ($1,625.00), upon delivery of the goods, leav-

ing a balance of five thousand, three hundred and sixty-four dollars and sixty-seven cents, ($5,364.67), which, under the contract, fell due in installments of one thousand dollars monthly until May 1st, 1906, when payment was to be completed. That deferred payments bear interest at the rate of six per cent per anum.

"The court further finds, that at the institution of this suit, viz. March 10th, 1906, the first installment of one thousand dollars was due and payable, and no part of the same had been paid except the sum of one hundred dollars, which the defendants had paid as freight upon the goods, in behalf of the plaintiff, and the further sum of one hundred and twenty dollars, which the court finds the defendants are entitled to recoup out of the first installment, for breakage, etc., of furniture, at the time the goods were delivered. There was, therefore, due, at the institution of this suit, the sum of seven hundred and eight dollars ($708.00), which draws interest at the rate of six per cent per annum, from March 10th, 1906, to this date, October 16th, 1906, making the installment and interest now due, the sum of eight hundred and six dollars and eighty-six cents ($806.86), for which the plaintiff should have judgment.

"It is therefore ordered and adjudged that the plaintiff, Siegel Cooper Company, a corporation under the laws of the state of New York, do have and recover of and from the defendants, R. T. Daniel and J. D. Finley, partners as Daniel and Finley, the sum of eight hundred and six dollars and eighty-six cents, ($806.86) with the costs of court by the said plaintiff expended, which are here taxed at the sum of $31.78.

"Done and ordered in open court at Miami, Florida, this 16th day of October, A. D. 1906. MINOR S. JONES, Judge."

The special count on which the case was tried is as follows: "Siegel-Cooper Company, a corporation organized and existing under the laws of the state of New York, by George M. Robbins, its attorney, sues R. T. Daniel and J. D. Finley, partners under the firm name and style of Daniel & Finley, for, that, on or about the 19th day of December, 1905, one J. H. Davidson (who was then in treaty with the defendants to lease their hotel building at Miami, Florida, and which defendants were to lease him with all furniture necessary and requisite for hotel purposes, except silverware, chinaware, linens, table supplies, bedding, toweling, lace curtains, toilet sets and queensware, which latter were to be furnished by said Davidson, who was to give the defendants a lien thereon for the rent,) selected at plaintiff's store in New York City and had set aside for defendants, certain goods, wares and merchandise, particularly set forth and described in the account attached to this declaration, to be shipped to defendants at Miami, Florida, to fully furnish said hotel, and at or about the same time purchased on credit from plaintiff the said silverware and other articles which defendants required him to put into said hotel, as a condition of his lease. That said Davidson was at that time a traveling salesman of plaintiff and had applied for a furlough to enable him to go into the hotel business at Miami, in the hotel building of the defendants. That on December 20th, 1905, plaintiff telegraphed defendants as follows: 'Our representative, J. H. Davidson, has selected furniture, carpets and kitchenware amounting nearly sixty five hundred dollars when delivered. Our terms on delivery, one fourth cash, one thousand monthly until May first, when balance is due. Deferred payments bear six per cent interest. Five per cent discount allowed for cash payment whole. Please confirm by wire. We will ship

you same time, free of conditions, silverware, tableware, queensware, linens and bedding outfit bought by David- son for his own account.'    At the time of selecting said goods for defendants, said Davidson was quoted the price on each article by plaintiff, which was to be the price thereof delivered to defendants at Miami, Florida, and which was a special contract price and less than the regular price at which plaintiff had said goods for sale. That the regular price of said goods so selected was $8,637.14 in New York City, and freight on same to Miami, Florida, $909.00, making the regular price at Miami the sum of $9,546.14, but the price obtained by said Davidson for defendant, by special contract, was $7,111.67, in case defendants should ratify his said pur- chase for them.    On December 23rd, 1905, defendants telegraphed plaintiff as follows: 'If you ship silver- ware, crockery, linen, pillows, bedding, cutlery, curtains, sold to J. H. Davidson, consigned to us, free of con- ditions and suitable for an 86 room first class hotel to the value of $1,500 you may ship to us furniture and rugs suitable to complete furnishing 86 bed rooms of first class hotel, also halls, kitchen, dining room and office articles, not covered by Davidson order, price not to exceed $6,500 in hotel.    Price of articles not to ex- ceed local dealers prices here.'    To which telegram plaintiff made no reply, the proposition not being ac- ceptable.    On December 28th, 1905, defendants tele- graphed to plaintiff 'You may ship articles mentioned in your telegram of December 23rd at wholesale prices provided you consign and ship to us articles mentioned in same telegram sold to J. H. Davidson free of con- ditions to the amount of fifteen hundred dollars.'    On the same day, plaintiff replied by telegram to defendants as follows: 'Will ship goods selected by Davidson for you, at contract prices f. o. b., Miami, Florida, on

terms specified in our telegram December 20th.  Goods amounting to $1,500 purchased by Davidson for his own account will ship you free of conditions.  Wire quick if understood and satisfactory.'  The above proposition was accepted by defendants in the following telegram sent by them from Miami, Florida, to plaintiff in New York City on the same day viz.  'I think we understand each other.  Let the goods come on.  Notify Mr. Davidson.  (signed) Daniel & Finley.'  Whereupon plaintiff shipped said goods so selected by said Davidson for defendants as well as the goods purchased by said Davidson, (which latter were sent free of conditions) to Miami, Florida, and the defendants accepted and received the same and placed them in their said hotel building, and paid plaintiff the sum of $1,625 upon the purchase price thereof, which said delivery and acceptance and payment occurred in the month of January, 1906.  And although plaintiff has fully performed the contract upon its part and all conditions were performed and all things happened and at all times elapsed necessary to entitle plaintiff to have performance of the said promise of the defendants to pay plaintiff the monthly installment of $1,000 (one thousand dollars) which fell due one month after delivery of said goods to defendants, yet defendants did not pay said installment, nor have they paid the same or any part thereof nor the interest thereon, but on the 10th day of March, 1906, refused to make any further payments upon their indebtedness to the plaintiff unless the plaintiff would reduce its prices upon said goods so sold and delivered to the defendants, and plaintiff claims $1,000 (one thousand dollars), the installment which fell due under said contract on the 1st day of March, 1906, and interest thereon at the rate of six per cent per annum from February 1st,

1906, and its costs and plaintiff claims under this count $2,000.00."

The defendant moved for a new trial, which was overruled, and brings the judgment here for review on writ of error.

There are eight assignments of error which are, in substance:

1st. The court erred in overruling defendants' demurrer to the special count of the declaration.

2nd. The court erred in striking pleas one, three, four and five—a motion to strike not being the proper remedy for a defective plea.

3rd. The court erred in sustaining the demurrer to the 6th plea.

4th. The court erred in admitting in evidence copies of original telegrams sent by Siegel-Cooper Company to Daniel & Finley, a sufficient predicate not having been laid, showing loss or destruction of the originals, and the originals being in reach of legal process.

5th. The court erred in his findings on the law.

6th. The court erred in his findings of fact.

7th. Because the judgment is contrary to the law and evidence.

8th. The court erred in overruling the motion for a new trial.

We will take them up in their order.

The point of law to be argued makes the objection to the special count that it does not show the plaintiff complied with the contract tendered by defendants by shipping the goods at wholesale prices as designed in the telegrams sent by defendant to plaintiff, but on the contrary seeks to set up a special contract between plaintiff and plaintiff's agent without averring that defendants knew anything about its terms. The telegram of December 20th, 1905, from plaintiff to defendants shows

that Davidson had selected certain goods for the defendants, giving the terms of payment, and asking confirmation by wire. The declaration alleges that the special contract price of each article was then given Davidson. On December 23rd the defendants telegraphed plaintiff, among other things, that if goods were shipped the price was not to exceed the prices of local dealers "here" (Miami). The declaration alleges that no reply was made to this telegram as the proposition was not acceptable. It then alleges that on 28th of December, defendants telegraphed plaintiff "You may ship articles mentioned in your telegram of December 23rd, at *wholesale prices,* etc. On the same day plaintiff replied: "Will ship goods selected by Davidson for you at *contract prices* F. O. B. Miami, Florida, etc. Wire quick if understood and satisfactory." The defendants replied to this telegram: "I think we understand each other. Let the goods come on. Notify Mr. Davidson." We think it perfectly plain from these telegrams that plaintiff never offered to sell these goods at other than "contract prices," and that the last wire shows that they wished to know if the defendants understood their proposition and whether it was satisfactory. There is nothing to show that the plaintiff accepted defendants offer to buy the goods at "wholesale prices" or at "price of article not to exceed local dealers' prices here." (Miami). If the defendants had not understood what the plaintiff meant by "contract prices," they were invited to make further inquiry until they were satisfied. The declaration alleges that "contract prices" were the prices which had been given Mr. Davidson when he selected the goods, and these prices are set forth in the bill of particulars attached to the declaration. We are of opinion that the demurrer was properly overruled.

The second assignment of error is based on the ac-

18—Vol. 54

tion of the judge striking four separate pleas. The rule is settled in this state that if a single assignment of error attacks the ruling of the court on several distinct instructions, this court will go no further, if it finds that the court acted properly in one instance. Eggart v. State, 40 Fla. 527, 25 South. Rep. 144; Green v. Sansom, 41 Fla. 94, 25 South. Rep. 332; Kirby v. State, 44 Fla. 81, 32 South. Rep. 836. We know of no reason why the principle should not be applied to rulings on pleas. The assignment being single, it must be good as to all of the several points raised or it fails. The rule is applied to rulings on pleas in the case of Alabama Great Southern R. Co. v. Clark, 145 Ala. 459, 39 South. Rep. 816. See also Seaboard Air Line Ry. Co. v. Hubbard, 142 Ala. 546, 38 South. Rep. 750; 2 Cyc. 986. The first plea stricken was the plea of "never indebted." Under rule 64 of the rules of the circuit court in Common Law Actions the plea of never indebted does not lie to a count on a contract alleged to be in writing, such as the one in this case. The court committed no error in striking this plea. The assignment of error, therefore, fails.

The third assignment is based on the action of the court in sustaining the demurrer to the sixth plea. The sixth plea is as follows: "And for a sixth plea the defendants say that only one thousand dollars ($1,000.00) was due upon the contract entered into between the plaintiff and defendants at the time this suit was filed, and that if the plaintiffs will abide by the contract to sell said goods at wholesale prices, defendants are ready to pay said sum of one thousand dollars ($1,000.00) at any time; that the other payments due under said contract cannot be recovered in this suit, because not due at the time of the institution of said suit." The demurrer states that this is bad in substance and the points to be

argued are: "(a). Defendants admit the written contract under which the debt became due by installments, but seek to repudiate the construction put upon it by the court, and submit its legal construction to the jury. The construction of a written contract is for the court. (b). The count not dismissed on the June Rule Day only seeks recovery of the $1,000.00 installment." We think the judge acted properly in sustaining the demurrer. The plea set up no fact, but only defendants' construction. of the contract, as a defense. The plaintiff only claimed $1,000, and recovered less than that amount.

The fourth assignment of error is based on the ruling of the court in admitting copies of telegrams sent by Siegel-Cooper Company to Daniel & Finley a sufficient predicate not having been laid, showing loss or destruction of the originals, and the originals being in reach of legal process.

After the plaintiff had introduced in evidence the telegrams mentioned in the declaration the record shows the following occurred. "Whereupon the plaintiff by counsel, offered in evidence certain original telegrams and copies of telegrams which were filed in the clerk's office from 8 o'clock a. m. until 5 o'clock p. m. on June 4th, 1906, and which defendants counsel admitted were originals or proved copies of the originals received with the exception of the telegram sent Daniel and Finley dated December 28th, 1905; to the admission of which copies of telegrams sent by Siegel-Cooper Company and Daniel and Finley the defendants objected on the ground that same were copies and not the originals, as sent by the plaintiff in this cause, although defendants admit that the same are true copies; a sufficient predicate not having been laid showing the loss or destruction of the said originals and the originals being in reach of legal process, and the said judge did then and there overrule

said objection and admit said telegrams in evidence," which telegrams are then set out in the record, to which ruling of the court the defendants excepted. There are twelve telegrams set out, and the record does not show whether they are originals or copies, and in this connection this is true of the telegram sent by Daniel and Finley dated December 28th, 1905.

A previous page of the record shows that the operator at Miami was a witness for the plaintiff and testified that the copy of the telegram of December 28th, 1905, from Siegel-Cooper Company to Daniel and Finley was a water copy of the of the telegram received by him and delivered to Mr. Daniel. We might dismiss this assignment by saying that it is entirely too indefinite to warrant consideration, but however the case may be, we do not think the court erred. As we understand the record the defendants admitted in open court that the copies of telegrams offered in evidence were true copies. They have therefore nothing of which to complain. 2 Wigmore on Evidence, §§1255, 1256, and note 3 p. 1507.

The fifth, sixth and seventh assignments challenge the correctness of the judge's rulings on the law and facts. No authority is referred to as sustaining those several contentions except upon the theory that the defendants are not estopped, though much argument is indulged in. We have given the evidence careful consideration and we have consulted such authority as we have been able to find bearing on the facts. We have no doubt from the evidence that the defendants made the contract set up in the declaration. Whether they used good judgment in doing so is another question. They may have been mistaken as to what was meant by the phrase "contract prices," but they had opportunity and were invited by the plaintiff to satisfy themselves.

They did not do so, but ordered the goods, received and used them, and never rescinded the contract.   The contention that they are not estopped because they did not have full knowledge of the meaning of the phrase "contract prices," is answered by their failure when invited so to do, to make further inquiry.   1 Page on Contracts, §§76, 78.

The eighth assignment of error questions the overruling of the motion for a new trial.  Under this assignment no arguments are presented or questions raised not already disposed of.

We do not find that any one of the assignments of error are sustained.

The judgment of the circuit court is affirmed at the cost of the plaintiffs in error.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.