VOL. 73, JANUARY TERM, 1917. 227

Seeba v. Wolf Bros. Shoe Co.—Opinion of Court

BROWNE, C. J., and TAYLOR, SHACKLEFORD and WHITFIELD, JJ., concur.

WILLIAM F. SEEBA, *Appellatnt,* v. WOLF BROTHERS SHOE COMPANY, A CORPORATION, *et al., Appellees.*

Opinion Filed February 2, 1917.

1. It is not the province of a demurrer, either in an action at law or suit in equity, to set out the facts; it involves only such facts as are alleged in the pleading demurred to, and raises only questions of law as to the sufficiency of the pleadings which. arise on the face thereof.

2. In passing upon a demurrer to a bill in equity, matters *dehors* the bill cannot be considered, but only such matters as appear upon the face of the. bill.

Appeal from Circuit Court for St. Johns County; George Couper Gibbs, Judge.

Order reversed.

*Alex. St. Clair-Abrams,* for Appellant;

*E. Noble Calhoun* and *Butler & Boyer,* for Appellees.

SHACKLEFORD, J.—William F. Seeba filed his bill in chancery against Philip Kukowsky, Gussie Kukowsky, his wife, Wolf Brothers Shoe Company, a corporation, and Stringfellow and Doty Company, a corporation, for the enforcement of several liens upon certain described real and personal property, alleged to have been created by the execution of mortgages by Philip Kukowsky and his wife to the complainant for the purpose of securing the payment of certain indebtedness due to the complain-

ant from Philip Kukowsky. Wolf Brothers Shoe Company and Stringfellow and Doty Company were made defendants for the reason that they claimed to have liens upon the land described in the bill, the allegations as to the liens of such two defendant corporations being as follows:

"And further complaining your orator says that he is informed and believes that the Wolf Brothers Shoe Company, a corporation doing buisness in Columbus, Ohio, and Stringfellow and Doty Company, a corporation under the laws of the State of Florida and doing business in Jacksonville, Duval County, Florida, claim a lien on the land herein described, the said Wolf Brothers Shoe Company by virtue of a judgment against the said Philip Kukowsky for $392.54, dated April 1, 1912, and the said Stringfellow and Doty Company by virtue of a judgment against the said Philip Kukowsky for $320.78, dated March 6, 1911.

"And your orator says that on the 6th day of December, 1910, the Wolf Brothers Shoe Company, with other creditors, filed a petition to declare the said Philip Kukowsky a bankrupt and afterwards the said Philip Kukowsky filed a schedule of his entire indebtedness up to the 6th day of December, 1910, and included in said schedule the names of the Wolf Brothers Shoe Company and the Stringfellow & Doty Company, two of the defendants herein.

"And your orator says that, under and in pursuance of the bankruptcy laws of the United States, as shown from the record of the bankruptcy proceedings, due notice was forwarded to all of the creditors of the said Philip Kukowsky, including the defendants, the Wolf Brothers Shoe Company and the Stringfellow & Doty Company;

VOL. 73, JANUARY TERM, 1917.     229

Seeba v. Wolf Bros. Shoe Co.—Opinion of Court

that in the petition of the creditors to declare the said
Philip Kukowsky a bankrupt, the Wolf Brothers Shoe
Company represented that the said Philip Kukowsky was
indebted to it in the sum of $348.37; and in the schedule
of indebtedness filed the said Stringfellow & Doty Com-
pany is represented as being a creditor in the sum of
$195.09.   And your orator says that, pursuant to the
bankruptcy laws, both the Wolf Brothers Shoe Company
and the Stringfellow & Doty Company were duly noti-
fied to appear and prove their claims.   And your orator
says that after due and proper proceedings the said Philip
Kukowsky, by a decree of discharge made and ordered in
open court by the Honorable Jas. W. Locke, Judge, was
discharged from all debts and claims which are made
provable by the bankruptcy act of Congress against his
estate and which existed on the 6th day of December,
1910, on which day the petition for adjudication was filed
against him, the said Philip Kukowsky, excepting such
debts as are by law excepted from the operation of the
discharge in bankruptcy.

"And further complaining your orator says that the
debt and claim of Stringfellow & Doty Company, a cor-
poration, existed on and prior to the 6th day of Decem-
ber, 1910, and the debt of Wolf Brothers Shoe Com-
pany, a corporation, existed on and before the 6th day
of December, 1910, and were not debts excepted from the
operation of the discharge in bankruptcy.

"And your orator further says that the said Philip
Kukowsky was, by virtue of the proceedings in bank-
ruptcy, as herein set forth, discharged from the debts
and claims of the said Wolf Brothers Shoe Company, a
corporation, and Stringfellow & Doty Company, a corpo-
ration.

"And your orator further says that the judgment against Philip Kukowsky in favor of Stringfellow & Doty Company, dated March 6, 1911, was for an indebtedness existing on and before the 6th day of December, 1910, and was not for any indebtedness contracted with the said Stringfellow & Doty Company after the 6th day. of December, 1910, and was embraced in the schedule of indebtedness in the bankruptcy proceeding. And your orator further says that the indebtedness to the Wolf Brothers Shoe Company on which the judgment for $392.54 was obtained on the first day of April, 1912, was and is a debt existing on and before the 6th day of December, 1910, and embraced in the schedule of indebtedness in the bankruptcy proceedings, wherefore your orator says that, by reason of these facts, the defendants, Wolf Brothers Shoe Company, a corporation, and Stringfellow & Doty Company, a corporation, have no lien or claim against the real estate herein described; that the said Philip Kukowsky was discharged from all of said debts and claims by virtue of the order of discharge hereinbefore set forth,"

A decree *pro confesso* was entered against Philip Kukowsky and Gussie Kukowsky. Stringfellow and Doty Company filed an answer to the bill, to which the complainant filed the usual general replication, but so far as is disclosed by the transcript no further proceedings have been had thereon. As will presently appear, we are in no wise concerned with these defendants upon this appeal. Wolf Brothers Shoe Company interposed a demurrer to the bill, which, omitting the caption and purely formal parts, is as follows:

"This defendant, by protestation, not confessing or acknowledging all, or any of the matters and things in the said bill of complaint contained to be true, in such manner

VOL. 73, JANUARY TERM, 1917.     231

Seeba v. Wolf Bros. Shoe Co.—Opinion of Court

and form as the same are therein and thereby set forth and alleged, demurs to said bill, and for cause of demurrer shows that:

"First:  There are not facts alleged in the bill of complaint by which the court may conclude as a matter of law that the obligations, or indebtedness, due by Philip Kukowsky to this defendant has been discharged in bankruptcy.

"Second:  The allegations of said bill of complaint fail to show that the lien of the mortgage given by Philip Kukowsky & wife, in so far as it affects the real estate therein described, is superior to the lien of this defendant, as judgment creditors of said Philip Kukowsky.

"Third:  A judgment rendered by a Court of general jurisdiction, after a discharge in Bankruptcy, on a suit pending at the time of the institution of the bankruptcy proceedings is not barred or released by such discharge in bankruptcy of the judgment debtor, and creates a valid subsisting lien on any real property acquired by such bankrupt subsequent to the filing of the petition in bankruptcy, in the county of the rendition of such judgment."

This demurrer was set down by the complainant for argument and the court made the following ruling thereon:  "This demurrer having been argued and submitted it is, upon consideration, ordered, adjudged and decreed that said demurrer be and the same is hereby sustained upon the second and third grounds thereof."

From this interlocutory order the complainant has entered his appeal and made all of the defendants appellees, whether properly so or not we are not called upon to determine.  The only appellee appearing here is Wolf Brothers Shoe Company.

The sole assignment of error is that the court erred

in sustaining the demurrer and this is the only point which is presented for determination.

As we have several times held, "It is not the province of a demurrer to set out the facts; it involves only such facts as are alleged in the pleading demurred to, and raises only questions of law as to the sufficiency of the pleadings which arise on the face thereof." State *ex rel.* Railroad Com'rs v. Atlantic Coast Line R. Co., 67 Fla. 441, 63 South. Rep. 729, where prior decisions of this court are cited. Although these cases were actions at law, the principle announced therein with regard to the province of a demurrer, which we have just copied above, applies with equal force to suits in equity. As we read the bill of complaint, it does not allege that the action at law of Wolf Brothers Shoe Company against Philip Kukowsky was pending at the time bankruptcy proceedings were instituted against him. We cannot tell from the allegations of the bill, to which we are confined, when such action at law was instituted, whether before the institution of such bankruptcy proceedings or after the discharge in bankruptcy of Kukowsky. It seems to us that the defense upon which this appellee relies would have to be raised either by a plea or answer, and is not open for consideration on the demurrer. In other words, we are of the opinion that the court erred in sustaining the demurrer and that the interlocutory order must be reversed, at the cost of the appellee, Wolf Brothers Shoe Company.

Order reversed.

BROWNE, C. J., and TAYLOR, WHITFIELD and ELLIS, JJ., concur.