CITY OF WEST PALM BEACH, A MUNICIPAL CORPORATION, *Appellant*, v. J. W. RYDER, *et al.*, *Appellees.*

Opinion Filed March 5, 1917.

1. In passing upon an assignment based upon the overruling of a demurrer to a bill in equity, an appellate court will consider only such grounds of the demurrer as are argued before it, treating the other grounds as having been abandoned.

2. In passing upon a demurrer to the whole bill in a suit in equity, every presumption is against the bill, but it is also true that such a demurrer operates as an admission that all the allegations in the bill which are well pleaded are true, and a demurrer to the whole bill should be overruled if the bill makes any case for equitable relief.

3. Matters *dehors* the bill cannot be raised by way of demurrer but must be raised by way of plea or answer.

4. A demurrer to the whole bill should be overruled, if the bill makes any case for equitable relief.

5. Though the allegations of a bill of complaint be abstract and general, and largely in the nature of asserted conclusions, yet if under the allegations a case entitling the complainant to relief as prayed can be made by appropriate and sufficient evidence, a general demurrer to the bill of complaint should be overruled.

6. Every presumption is in favor of the correctness of an order or decree rendered by a Circuit Judge, and the burden rests upon one appealing from such order or decree to overcome this presumption of law.

Appeal from Circuit Court for Palm Beach County; H. Pierre Branning, Judge.

Order affirmed.

*H. L. Bussey,* for Appellant;

*Atkinson & Burdine,* for Appellees.

SHACKLEFORD, J.—J. W. Ryder and other citizens and tax-payers filed their bill in chancery against the City of West Palm Beach, a municipal corporation, wherein it is alleged that the defendant municipality had "created and established liens upon all the property and against all of the lots on Clematis Avenue from Right of Way of Florida East Coast Railway to Narcissus Street, including the several properties of your orators and are now threatening to collect the same by legal process in the manner provided by the charter and ordinances of the city of West Palm Beach."

The bill and the exhibits attached thereto and made a part thereof cover about 37 typewritten pages. We do not deem it necessary for a proper disposition of the case to attempt to give even a synopsis of the many allegations. The relief sought is that the defendant municipality "may be enjoined and restrained from instituting any suit or suits against your orators, or either of them, or other persons owning property abutting on Clematis Avenue, for the enforcement of any lien or liens created by reason of the repaving of Clematis Avenue with concrete ·rsuant to the resolution of the City Council, Exhibit E to the bill." Other relief is also prayed, including a mandatory injunction. Exhibit E above referred to is quite lengthy, the caption thereof being as follows:

"RESOLUTION of the City Council Determining the Necessity of Paving Clematis Avenue from Sidewalk to Sidewalk between the Right of Way of the Florida East Coast Railway on the West and Narcissus Street on the East, in the City of West Palm Beach, Florida; Fixing

and Determining the Cost of such Paving and Improvement; Fixing and Determining the Amounts of Benefits and Damages to Private Property Abutting upon said Avenue Caused by such Paving and Improvement; Assessing against such Private Property and to the Owners thereof a Portion of the Expense and Cost of such Paving and Improvement; Providing when the same shall be due and payable; and Fixing the time and Place for Hearing Remonstrances or Protests against the same by such Owners of Private Property."

As to the provisions thereof it is sufficient to state that after reciting the necessity for paving Clematis Avenue between the right of way of the Florida East Coast Railway on the West and Narcissus Street on the East, it proceeds to prescribe the paving material to be used, fixes the total cost of such paving at the sum of $13,523.10, apportions the amounts to be paid by the respective abutting property owners, and contains the following two sections, among others:

"6.    That one-third of said assessments respectively shall be due and payable by said owners respectively on November 1st, A. D. 1915, and one-third of said assessment shall be due and payable by said owners respectively on November 1st, A. D. 1916, and one-third of said assessment shall be due and payable by said owners respectively on November 1st, A. D. 1917, and said second and third installments of said assessment shall bear interest from November 1st, A. D. 1915, at the rate of 6 per cent per annum; provided, however, that said owners, or any of them, may pay the whole of his, her or its assessment at any time on or after November 1st, A. D. 1915, and thereby avoid the payment of such interest.

"8. That Monday, the 4th day of October, A. D. 1915, at 7:30 o'clock P. M., at the city council chamber in said

City of West Palm Beach, Florida, are hereby fixed and designated as the time and place at which the City Council will hear and pass upon remonstrances or protests of the above mentioned property owners against the reasonableness and justice of the amounts of the aforesaid assessments respectively."

The bill further alleges that a munber of such abutting property owners, including the complainants, constituting a majority of such owners, filed a protest against being assessed for two-thirds of the cost of such paving on grounds which are therein set forth, a copy of such protest being attached to the bill, marked Exhibit F and made a part thereof, which protest was duly presented to the City Council of West Palm Beach, which body adopted a resolution, rejecting such protest and adopting and confirming the assessment set forth in the resolution above referred to as Exhibit E.

To this bill the defendant municipality interposed a demurrer on eight grounds, which was overruled and from which interlocutory order the municipality has entered its appeal.

In passing upon the assignment of error based upon this order, we confine ourselves to such grounds of the demurrer as are argued before us, treating the other grounds as having been abandoned. Atlantic Coast Line R. R. Co., v. Holliday, decided here at the present term. This applies to the overruling of a demurrer to any pleading, whether in an action at law or suit in equity. Cooney-Eckstein Co. v. King, 69 Fla. 246, 67 South. Rep. 918.

The first ground of the demurrer is expressly abandoned. The ground thereof especially insisted upon and urged is the eighth, which simply recites that the City of West Palm Beach was incorporated by and under

Chapter 6411 of the Laws of Florida, (Acts of 1911, p. 877), and then proceeds to copy in full Section 69 of such Chapter, covering nearly three typewritten pages, and closes with the statement, "and it appears therefrom that the said defendant had ample and complete authority to make the assessments complained of by the complainants." As we have frequently held, "In passing upon a demurrer to an alternative writ of mandamus, matters *dehors* the writ cannot be considered, but only such matters as appear upon the face of the writ."

"It is not the province of a demurrer to set out the facts; it involves only such facts as are alleged in the pleading demurred to, and raises only questions of law as to the sufficiency of the pleadings which arise on the face thereof." State *ex rel.* Railroad Commissioners v. Atlantic Coast Line R. Co., 67 Fla. 441, 63 South. Rep. 729; Lindsley v. McIver, 51 Fla. 463, 40 South. Rep. 619; Seeba v. Wolf Brothers Shoe Co., decided here at the present term. This eighth ground is not a proper ground of demurrer, although the same has been elaborately argued before us by each of the parties litigant, evidently upon the theory that it presents the question as to whether or not the city had the "authority to make such improvement and to assess the cost thereof against the abutting property owners, as was undertaken," as the appellant's brief states it. We do not think that this question is presented, therefore we shall not discuss it.

The other grounds of the demurrer are grouped together and discussed in a general way. As we have repeatedly held, "A demurrer to the whole bill should be overruled, if the bill makes any case for equitable relief." Futch v. Adams, 47 Fla. 257, 36 South. Rep. 575. As we held in Johns v. Bowden, 68 Fla. 32, 66 South. Rep. 155, "Though the allegations of a bill of complaint be

abstract and general and largely in the nature of asserted conclusions, yet if under the allegations a case entitling the complainant to relief as prayed can be made by appropriate and sufficient evidence, a general demurrer to the bill of complainant should be overruled." Also see our discussion in Phifer v. Abbott, decided here at the present term. As we have also frequently held, "Every presumption is in favor of the correctness of an order or decree rendered by a Circuit Judge, and the burden rests upon one appealing from such order or decree to overcome this presumption of law." Stewart v. DeLand-Lake Helen S. R. and B. Dist., 71 Fla. 158, 71 South. Rep. 42.

In the instant case this presumption has not been overcome and the burden has not been met by the appellant, therefore the interlocutory order appealed from must be affirmed.

BROWNE, C. J., and TAYLOR, WHITFIELD and ELLIS, JJ., concur.