FIRST NATIONAL BANK OF LAKELAND, A CORPORATION, *Appellant*, v. PINELLAS COUNTY, FLORIDA, *Appellee*.

### Opinion filed April 1, 1919.

1. A single assignment of error attacking a plurality of rulings of the trial court whether upon the pleadings, the admission or rejection of evidence, or the granting or refusal of instructions to the jury, will be unavailing, unless all of such rulings so grouped *en masse* are erroneous, and the determination by the Appellate Court that one of the rulings so attacked is correct disposes of the assignment.

2. Where there is substantial evidence to sustain the verdict and technical errors, if any, could not reasonably have been prejudicial to the defendant, who was not denied any fundamental rights to which he was entitled, and no material errors of law appear, the judgment will be affirmed.

An Appeal from the Circuit Court for Pinellas County; O. K. Reaves, Judge.

Judgment affirmed.

*E. J. Binford, E. V. Reed* and *Patrick C. Whitaker,* for Appellant;

*Davis & Pierce,* for Appellee.

WEST, J.—This is an action at law brought by appellant against appellee upon certain "Certificates of Indebtedness" which were issued by the appellee, Pinellas County, to one Willis R. Biggers for certain plans and specifications prepared by him for a County Jail and County Court House for said county, and for certain services rendered or to be rendered by him in the supervision of the construction of such buildings, or for the

338        SUPREME COURT OF FLORIDA.

First National Bank of Lakeland v. Pinellas County—Opinion of Court.

value of such plans and specifications and such services, which certificates or claims, so it is alleged, had prior to the institution of this suit for a valuable consideration been assigned and transferred to the appellant.

The issues were made up and by agreement of counsel for the respective parties a jury was waived and the cause was heard and determined by the Circuit Judge in vacation. The judgment was for the defendant and plaintiff took writ of error from this court.

The assignments of error are as follows:

"1.   The court erred in sustaining the demurrer of the defendant to the first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth and fourteenth counts of plaintiff's declaration filed in said cause, and erred separately and severally in sustaining the demurrer to each one of said counts as and when such rulings were made.

"2.   The court erred in overruling the plaintiff's motion for a new trial of said cause."

The grounds of the motion for a new trial are that the findings and judgment are contrary to the evidence, are contrary to the weight of the evidence, are not supported by the evidence, and are contrary to law.

So that, the only questions sought to be presented to this court for review are the rulings of the trial court on the demurrers to the several designated counts of the declaration and the sufficiency of the evidence to support the findings and the judgment of the trial court.

With respect to the first assignment it will be observed that the rulings of the court below upon the demurrers to counts one to fourteen, inclusive, of the declaration

are grouped in one assignment. This is in violation of the rule which requires that each assignment of error, which is relied upon, should be distinctly pointed out and separately assigned.

In the case of Williams v. State, 58 Fla. 138, 50 South. Rep. 749, it was held: "A single assignment of error attacking a plurality of rulings of the trial court, whether upon the pleadings, the admission or rejection of evidence, or the granting or refusal of instructions to the jury, will be unavailing, unless all of such rulings so grouped *en masse* are erroneous, and the determination by an appellate court that one of the rulings so attacked is correct disposes of the assignment." See also McKinnon v. Lewis, 60 Fla. 125, 53 South. Rep. 940; McMillan v. Warren, 59 Fla. 578, 52 South. Rep. 825; Vaughan's Seed Store v. Stringfellow, 56 Fla. 708, 48 South. Rep. 410; Daniel & Finley v. Seigel-Cooper Co., 54 Fla. 265, 44 South. Rep. 949.

It is apparent that the counts of the declaration which were held bad on demurrer are defective upon the ground that they do not contain sufficient allegations of facts to make it appear that the issuance of the "Certificates of Indebtedness" or the alleged obliagtions, which are the basis of the action, were lawfully authorized and that they are therefore valid and enforcible obligations of the county. If this were not true this assignment might be disposed of upon the ground that it is not argued in the brief of counsel for appellant, or upon the further ground that other counts declaring upon the same alleged obligations were contained in the declaration, that the cause was heard and determined upon the issues made up upon such remaining counts and therefore if there was error in the rulings assigned it was not harmful to appellant.

The question presented by this record is not whether a board of county commissioners may enter into a valid contract to pay for preliminary plans and specifications for a county courthouse or county jail to be used in considering the question of the necessity for such buildings, because it clearly appears from the evidence in this case that the plans and specifications, the services rendered in the preparation of which is the basis of this claim, were the working plans and specifications to be used in the construction of such buildings, and not simply preliminary estimates to be used in cosnidering the question of the necessity for such buildings.

The second assignment as we have seen assails the findings and judgment upon the ground that they are not supported by the evidence.

An effort was made to prove that the resolution appearing upon the Minutes of the Board of County Commissioners of the county and purporting to have been adopted by the Board on April 2nd, 1912, authorizing them to proceed to erect a County Court House and County Jail and to incur the obligations necessary therefor and to levy a tax upon the property of the county for the purpose of raising the funds required for meeting them, which resolution was held fatally defective by this court in the case of Bell v. Coachman, 69 Fla. 295, 68 South. Rep. 173, is not a true record of what occurred at such meeting and that the resolution that was then actually adopted by the Board did in fact contain the necessary words and expressions to meet the requirements of the statute on the subject. To dispose of this contention it is not necessary for us to pass upon the question of whether the record of the Minutes of a Board of County Commissioners may be impeached in this way.

Section 772, General Statutes, 1906, Compiled Laws, 1914; Johnson v. Wakulla County, 28 Fla. 720, 9 South. Rep. 690. It is only necessary to say that on this question there is sharp conflict in the evidence and there appears to be sufficient competent evidence in the record to support the findings and judgment of the court below.

The very interesting questions which are stated and discussed in the briefs of counsel not being presented by the record in the case can not be considered.

The judgment is, therefore, affirmed.

Browne, C. J., and Whitfield and Ellis, J. J., concur.