P. F. BLOODWORTH, DOING BUSINESS AS BLOODWORTH DRUG COMPANY, *Plaintiff in Error*, v. A. H. & F. H. LIPPINCOTT, A CORPORATION, *Defendant in Error*.

Opinion Filed August 1, 1919.

1. When a declaration in an action for breach of a written contract for the purchase of goods and chattels contains no allegation or allegations showing that such goods and chattels, alleged to have been shipped by plaintiff to defendant, were in transit when destroyed by fire, a demurrer to the declara-

tion upon th ground that the contract, copy of which is attached thereto, provided that said goods and chattels were to be at vendor's risk of damage or destruction while in transit to vendee's freight depot, is properly overruled.

2. It is not the province of a demurrer to set out facts; it involves only such facts as are alleged in the pleading demurred to, and raises only questions of law as to the sufficiency of the pleading, which arise on the face thereof.

3. When the buyer of personal property, under the terms of a written contract of purchase, must necessarily perform certain obligations before the seller can be required to carry out a particular obligation under the contract, it is not necessary for the seller, in an action against the buyer for failure to carry out such obligations, to allege performance of such particular obligation on his part.

4. Where the ruling of the lower court in striking more than one plea is attacked by one assignment of error, this court will go no further in considering such assignment of error, if the lower court was correct in sustaining the motion to strike any one of the pleas.

A Writ of Error to the Circuit Court for Taylor County; M. F. Horne, Judge.

Judgment affirmed.

*W. T. Hendry,* for Plaintiff in Error;

*W. B. Davis,* for Defendant in Error.

PERKINS, Circuit Judge.—Plaintiff in error, who will be hereinafter referred to as defendant, seeks relief here by writ of error to the Circuit Court of Taylor County from a judgment therein rendered against him for alleged breaches of a written contract for the purchase of certain goods and chattels from defendant in error, who will be

hereinafter referred to as plaintiff. The declaration contains but one count, which is based upon the written contract, a copy of which is attached to the declaration, and attempted to be made, by apt words, a part thereof. The parties treated the copy of the contract in the court below and in their briefs in this court as a part of the declaration, and, following what has become its practice, this court will do likewise. First Nat. Bank of Florida v. Savannah, F. & W. Ry. Co., 36 Fla. 183, 18 South. Rep. 345; State v. Seaboard Air Line Ry., 56 Fla. 670, 47 South. Rep. 986; Langley v. Owens, 52 Fla. 302, 42 South. Rep. 457; Savage v. Ross, 59 Fla. 407, 52 South. Rep. 16. But this court will not go so far as to treat matters of evidence, such as copies of letters and telegrams attached to the declaration and attempted to be made a part thereof, as a part of such declaration, even though the parties may have so considered them.

The declaration alleges that the defendant in and by said written contract ordered of the plaintiff and agreed to purchase from plaintiff certain soda-water apparatus described in said contract, and that defendant agreed to pay for the said property the sum of twelve hundred dollars at the times and in the manner in said contract stated; that defendant agreed, upon receipt or tender of the goods, or tender or deposit of bill of lading for the same with Perry Banking Company, of Perry, Florida, to execute and deliver to plaintiff notes in the plaintiff's standard form, maturing as set out in said contract; that the defendant further agreed in and by said contract to insure, at his expense, from date of their arrival, for full value, said goods so ordered of plaintiff, and to execute certain promissory notes to indemnify plaintiff against loss or damage by fire until insurance could be procured.

However imperfect the declaration may be, we can not say that it wholly fails to state a cause of action: It alleges complete performance of the contract by the plaintiff and non-performance in every particular by the defendant, and that the goods and chattels reached Perry, Florida, their destination, some time prior to the 19th of January, 1917, and were destroyed by fire in Perry, Florida, on February 12, 1917.

The defendant filed a demurrer to the declaration containing six grounds, the first and fifth of which, however, being the only ones argued in this court. They will, therefore, be the only ones considered, the others being treated as having been abandoned. Cooney-Eckstein Co. v. King, 69 Fla. 246, 67 South. Rep. 918; City of West Palm Beach v. Rider, 73 Fla. 558, 74 South. Rep. 603; Atlantic Coast Line R. Co. v. Holliday, 73 Fla. 269, 74 South. Rep. 479; Groover v. Hammond, 73 Fla. 1155, 75 South. Rep. 857. We may say, however, that none of the other grounds of the demurrer pointed out material defects in the declaration. The demurrer was overruled, and this ruling constitutes the first assignment of error.

The first ground of the demurrer quotes the following sentence from the contract: "The goods to be F. O. B. Philadelphia, but shall be at vendor's risk of damage or destruction while in transit to vendee's freight depot by the common carrier selected by the vendor as named in the contract," and says that "the declaration charges that said property was destroyed while in said freight depot and in a manner as to come within the undertakings and agreements of the plaintiff that said goods should be at vendor's risk while in transit to defendant's freight depot, and by reason thereof the plaintiff states no cause of ac-

tion against this defendant." The declaration does not allege that the goods were destroyed while "in transit" as that term was defined by the parties to the contract, nor does the declaration allege that they were dstroyed while in defendant's freight depot. The effect of this ground of demurrer, therefore, was to set out facts not alleged in the declaration. This is not the province of a demurrer and this ground was therefore properly overruled. State *ex rel.* Harrison v. Commissioners of Putnam County, 23 Fla. 632, 3 South. Rep. 164; Lindsley v. McIver, 51 Fla. 463, 40 South. Rep. 619; O'Brien v. State, 55 Fla. 146, 47 South. Rep. 11; State *ex rel.* Railroad Com'rs v. Atlantic Coast Line R. Co., 67 Fla. 441, 63 South. Rep. 729; Seeba v. Wolf Bros. Shoe Co., 73 Fla. 227, 74 South. Rep. 204; City of West Palm Beach v. Ryder, 73 Fla. 558, 74 South. Rep. 603.

The fifth ground of demurrer is as follows: "The alleged contract made a part of the declaration provided that the alleged premises and undertakings on the part of the defendant were upon and for the consideration that said goods, to-wit: said soda-water apparatus, be erected in the defendant's place of business by the plaintiff, and it is alleged or shown that said soda-water apparatus was so erected, contrary thereto appears." The defendant probably intended to assert in this ground that said soda-water apparatus was not erected by the plaintiff, and we have assumed that the omission of the negative was the result of clerical oversight in preparing the transcript or in preparing the demurrer.

The contract in question contained the words: "Man from factory to erect apparatus." No time for the erection of the apparatus appears to have been provided, but the defendant agreed in and by the contract, upon re-

ceipt or tender of the goods, or tender or deposit of the bill of lading with the bank to execute and deliver the deferred-payment notes, and the declaration alleges that the goods were shipped and reached destination, and the bill of lading was deposited in the bank, also the notes to be executed by the defendant. The defendant also agreed to insure the property from the date of its arrival, against loss or damage by fire. It is clear that it was not the intention of the parties to the contract that the apparatus should be erected before the defendant executed the deferred-payment and indemnity notes and procured insurance upon the property. "In construing a contract, the leading object is to ascertain and effectuate the intention of the parties. To ascertain the real intent, the language used, the subject-matter, and the purpose designed may be considered." Brown v. Beckwith, 60 Fla. 310, 53 South. Rep. 542; L'Engle v. Overstreet, 61 Fla. 653, 55 South. Rep. 381. It was necessary, under the terms of the contract, for defendant to execute the deferred-payment and indemnity notes and procure insurance on the property before plaintiff could be required to erect the soda-water apparatus. Hence it was not necessary for plaintiff to allege performance of the agreement to erect the apparatus, and this ground of the demurrer was not well taken.

The first assignment of error has not been sustained. ·

The defendant filed five pleas to the declaration, the first two of which are as follows: First: "The defendant never promises (promised) as alleged;" second: "Defendant never was indebted as alleged." Plaintiff moved to strike the second, third, fourth and fifth pleas, and the motion was granted and defendant allowed until the 15th day of September, 1917, to plead to the declaration as he

might be advised. The defendant did not plead over and the case was tried by the court upon waiver of jury, and resulted in judgment in favor of the plaintiff.

The defendant attacks the ruling upon the motion to strike the four pleas by one assignment of error. As this assignment must fail, we deem it unnecessary to set out the third, fourth and fifth pleas herein. If the court was correct in sustaining the motion to strike any one of the pleas, this court will go no further in considering the single assignment of error. Daniel & Finley v. Seigel-Cooper Co., 54 Fla. 265, 44 South. Rep. 949; Eaton v. Hopkins, 71 Fla. 615, 71 South. Rep. 922; First National Bank of Lakeland v. Pinellas County, 77 Fla. 337, 81 South. Rep. 496.

A plea of "never was indebted" does not lie to a declaration declaring only on a special contract, such as the one in this case, and the court committed on error in striking this plea. Bucki v. McKinnon, 37 Fla. 391, 20 South. Rep. 540; Bucki v. Seitz, 39 Fla. 55, 21 South. Rep. 576; Daniel & Finley v. Seigel-Cooper Co., supra; Thomas v. Walden, 57 Fla. 234, 48 South. Rep. 746.

The second assignment of error therefore has failed.

The third assignment of error states that the court erred in entering final judgment against the defendant. This assignment is not even mentioned in the brief of plaintiff in error, and will, therefore, under the well-established rule of this court, be treated as having been abandoned.

The judgment of the Circuit Court should be affirmed.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court

as its opinion, it is considered, ordered and adjudged by the court that the judgment herein be and the same is hereby affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.